CHARLES DAVIS *v.* W. H. BUCHANAN.

October Term, 1900.

Present: TAFT, C. J., MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*A party may not impeach the deposition of his own witness, not adverse*—A party may not impeach the deposition of his own witness, not adverse, by showing statements of the witness inconsistent with the deposition.

*Declarations against proprietary interest are inadmissible unless contemporary with the interest*—The declaration of a former owner

of personal property, made after he had ceased to have any interest therein, are not admissible to show an incumbrance on the property while he had an interest. Such declarations are hearsay.

TROVER for the conversion of a horse. A count in trespass was joined. Plea, the general issue with notice of justification under process. Trial by court, Washington County, March Term, 1900, *Tyler,* J., presiding. On facts found, judgment was rendered for the defendant. The plaintiff excepted.

The action was brought by the plaintiff, who claimed the interest of a mortgagee in a horse in question, against the defendant who had sold the horse on an execution against the mortgagor. The defendant had taken the horse in execution and sold the same as if there were no mortgage upon it, and had given no notice of the attachment and no notice of the sale to the plaintiff. The plaintiff introduced in evidence the mortgage upon which he relied, and the question in issue was whether anything was due on the mortgage at the time the horse was taken in execution by the defendant. The court found that nothing was due.

*Edward H. Deavitt* for the plaintiff.

*John W. Gordon* and *S. Hollister Jackson* for the defendant.

START, J. In the court below, the principal issue of fact was whether a mortgage given by Appleton S. Perkins to the plaintiff was a valid incumbrance on the horse in question at the time it was taken and sold by the defendant upon an execution as the property of Perkins. Upon this issue and the question of damages, the plaintiff introduced in evidence the deposition of Perkins, the mortgagor, and called one Martin and offered to show by him, that, after the horse was sold by the defendant, Perkins admitted to him that a part of the notes

had been paid, but two were still unpaid.    This testimony was excluded and the plaintiff excepted.

It does not appear that it was claimed by the plaintiff in the court below that the examination of the deponent by che defendant's counsel was not proper cross-examination, or that the deponent was called as a witness for the defendant, or that the evidence was offered on either of these grounds.    On the contrary the exceptions indicate that the plaintiff sought to impeach the deponent on the ground that he was hostile to the plaintiff, but the court found that he was not a hostile witness. The court having so found, the evidence was not admissible for the purpose of impeaching the deponent.    V. S. 1247, *State* v. *Slack and Clough,* 69 Vt. 486.

This evidence was also offered for the purpose of rendering probable the fact that something was due on the mortgage, and as a declaration of one having a property interest, against his interest.    For this purpose, the evidence was also properly excluded.    The declaration was made after the horse had been attached and sold by the defendant to satisfy a debt against Perkins, and at a time when he had no interest in the horse. Proof of declarations made by him at the time would be hearsay testimony and inadmissible for either of the purposes for which the evidence was offered.    *Hayward Rubber Co.* v. *Dunklee,* 30 Vt. 29; *Judevine* v. *Weeks,* 47 Vt. 278; *Huse* v. *Preston,* 51 Vt. 245.

*Judgment affirmed.*