CONRAD PETERSEN, PLAINTIFF AND APPELLANT, v. MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANT AND APPELLEE.

Submitted March 16, 1916—Decided June 20, 1916.

1. The act of April 12th, 1915 (*Pamph. L., p.* 470), providing that when a judgment has been recovered and where an execution thereon has been returned unsatisfied, the judgment creditor may apply to the court and secure an order for execution against the salary, &c., of the judgment debtor, applies as well to judgments recovered and executions returned prior to the passage of the act as those after.

2. The act of April 12th, 1915 (*Pamph. L., p.* 470), permits of an execution against the salary of a municipal officer.

On appeal from the Second District Court of Jersey City.

Before Justices Garrison, Trenchard and Black.

For the appellant, *Lewis Fisher* and *Abram H. Cornish.*

For the appellee, *Thomas J. Brogan.*

The opinion of the court was delivered by

Trenchard, J.   On December 12th, 1906, the plaintiff recovered a judgment in the District Court against Charles G. Craft, a policeman of Jersey City, for $91.33.   An execution was issued thereon and returned unsatisfied.

On August 12th, 1915, the plaintiff obtained an order from the court pursuant to the act of April 12th, 1915 (*Pamph. L., p.* 470), directing that an execution issue against the salary, &c., of Craft to the extent of ten per centum of his salary.   Such execution was duly served upon Jersey City, by whom Craft was then employed.   The city refused to pay, and this suit was brought in the District Court against Jersey City for the percentage due.   The learned trial judge concluded that the statute pursuant to which the order was made had no application where as here the judgment sought·to be satisfied was recovered prior to the passage of the act, and accordingly rendered judgment for the defendant.

The first question presented to us is: Was the conclusion of the trial judge right as to the scope of the statute?

We are of the opinion that it was wrong.

We have already held that the act of April 12th, 1915 (*Pamph. L., p.* 470), providing that when a judgment has been recovered, and where an execution thereon has been returned unsatisfied, the judgment creditor may apply to the court and secure an order for execution against the salary, &c., of the judgment debtor, applies as well to judgments recovered and executions returned prior to the passage of the

act as those after. *Russell* v. *Mechanics' Realty Co.,* 88 *N. J. L.* 532.

The city now contends, however, that the statute does not permit of an execution against the salary of a municipal officer. We think it does.

There is nothing in the act to indicate that the scope of the execution is so limited. On the contrary, section 2 thereof (*Pamph. L.* 1915, *p.* 471) provides, among other things, as follows:

"It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness, to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied, * * *."

We think that the word "indebtedness" as used in this section plainly refers to the several sorts of indebtedness upon which section 1 of the act declares the execution shall become a lien and a continuing levy, namely, "upon the wages, debts, earnings, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein, which shall not exceed ten per centum unless the income of said debtor shall exceed the sum of one thousand dollars per annum, in which case the judge may order a larger percentage * * * *." We conclude, therefore, that the statute permits of an execution against the salary of a municipal officer. It is argued that such intention should not be attributed to the legislature because theretofore it had been the rule of public policy to keep out of the reach of creditors the unearned salary of a debtor for official service due to the public. *Spencer* v. *Morris,* 67 *N. J. L.* 500. No doubt, that policy was based upon the fact that the remuneration incident to a public office, as a rule, is essential to the decent and comfortable support of the incumbent. *Schwenk* v. *Wyckoff,* 46 *N. J. Eq.* 560. But the legislature seems to have

given some consideration to that fact, for it will be observed that section 1 of the act limits the levy to ten per centum unless the salary exceeds $1,000 per annum, and further provides that only one execution against the salary shall be satisfied at one time. But, however that may be, it is not the function of the court to consider whether this matter was wisely determined. That was a legislative question, and the suggestion that it was unwisely determined does not authorize us to withhold from the language of the law as it was passed by the legislature such import as it reasonably bears.

The foregoing are the only questions argued, and we have not considered any others.

The judgment of the court below will be reversed and a new trial awarded.