### ARTHUR W. CROSS, PLAINTIFF, v. SALVATORE F. LACORTE, DEFENDANT.

Decided November 10, 1933.

For the plaintiff, *Aquila N. Venino.*

For the defendant, *Salvatore F. LaCorte, pro se.*

CASE, J.   Plaintiff recovered a judgment for $209.79 against the defendant in the District Court for the Second Judicial District for the county of Union. Thereafter the judgment was docketed in the Supreme Court. Nothing has been paid thereon. Application is now made (on notice to the defendant) for a salary execution under the statute. 1 *Cum. Supp. Comp. Stat., tit. "Executions," pl.* 71-9L, 71-9M. Defendant is judge of the District Court for the First Judicial

District of the county of Union and as such receives an annual salary of $5,000, payable in monthly installments, from the county of Union. Plaintiff seeks to fasten an installment execution upon that salary. Defendant contends that because of public policy his judge's salary is exempt from the application of the statute, citing *Schwenk* v. *Wyckoff*, 46 *N. J. Eq.* 560; 20 *Atl. Rep.* 259; and *Spencer* v. *Morris*, 67 *N. J. L.* 500; 51 *Atl. Rep.* 470, also citing holdings of like import in other jurisdictions. The Schwenk case held that an assignment by a retired officer of his unearned pay was invalid as opposed to public policy. The Spencer case applied the doctrine to the instance of a municipal officer and held that the salary of such a one was not liable to be reached on an installment execution under the supplement to the Execution act approved March 21st, 1901. *Pamph. L.* 1901, *p.* 372. The reasoning upon which the last mentioned decision was reached was that such a public policy had theretofore been declared, that a purpose at variance with public policy as thus declared should not be attributed to the legislature except upon cogent evidence and that the statute then under consideration did not disclose a dissonant purpose.

In 1915, and particularly in 1916, much later of course than either of the mentioned opinions, the legislature gave "cogent evidence" of an opposite purpose. It then enacted 1 *Cum. Supp. Comp. Stat., p.* 1208, *pl.* 71-9M (referring to an execution against salary or other income), that "it shall be the duty of any * * * treasurer or other fiduciary officer of a * * * public municipal corporation, including any county and the state * * * to pay over to the officer presenting the same * * * the sum directed, and that "if such * * * proper officer of the corporation, municipal, county or state, to whom such execution shall be presented shall fail or refuse to pay over * * * the percentage * * * he shall be liable to an action therefor by the judgment creditor * * *." Our Supreme Court, speaking through Mr. Justice Trenchard in *Petersen* v. *Jersey City*, 89 *N. J. L.* 93; 97 *Atl. Rep.* 963, held that the statute permits of an execution against the salary of a

municipal officer and that the declared public policy to the contrary had, whether wisely or unwisely, been ended by the legislature. The control by the court over the percentage of salary or other income that may be so reached was probably intended to be, and doubtless is, an assurance that the salary of a public officer will not be exhausted to the point of injury to the public service. No statute, determination or reasoning has been brought to my attention whereby a public officer whose salary is paid by a county is in different posture from one who receives his salary from a municipality, or whereby one occupying the position of the defendant is, under the statute, to be distinguished from any other public officer.

The statute is mandatory where an application is, as the present one seems to be, within its purview. An order will go directing that an execution issue against the defendant's salary payments to the extent of five per centum thereof.