SECOND JUDICIAL DISTRICT COURT, BERGEN COUNTY.

WALTER BEIERLEIN, PLAINTIFF, v. SARAH FAULKNER
AND CATHERINE ALSTEN, DEFENDANTS.

Decided March 24, 1937.

For the plaintiff, *Martin Klughaupt.*

For the defendant, *Charles F. Black.*

ELY, D. C. J.  This matter comes before me on rule to show cause why certain moneys levied under execution, and on deposit in the Citizens First National Bank and Trust Company of Ridgewood, to the credit of the defendant Catherine Alsten should not be turned over to the plaintiff in execution.  The defendant offered testimony that there was on deposit in the bank the sum of $38, but stated that $28 of the $38 was part of the proceeds of a check which she received from the Travelers Insurance Company for compensation.  Although there was no actual proof of an award under the New Jersey Workmen's Compensation act, the plaintiff, on the rule to show cause, has not raised the question, but contends that it makes no difference, and I will assume that the particular check in question was a payment under the Workmen's Compensation act.

The particular check in question was of an amount of $40, and it appears from the testimony that the check was cashed and the defendant in execution, deposited on the day of the cashing of the check, the sum of $28 in the account which was levied upon later by the officer holding the execution.

The defendant contends that section 22 of the Workmen's Compensation act, which reads as follows: "Claims or pay-

ments due under this act shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment," makes at least $28 of the savings account of the defendant exempt from levy under this execution.

I do not think so. On this particular question there seems to be no authority quoted in New Jersey. The defendant has cited to me a New York case under the New York statute. However, the New York statute is worded differently and the circumstances surrounding the New York case are not the same.

The rule, with reference to exemptions, is one which must be strictly followed. The statute says "claims or payments due." Had the legislature intended that these moneys should be exempt after receipt thereof, they would have eliminated the word "due." Counsel for the defendant makes much of the fact that the purpose of the legislature in passing this exemption, was to save the recipient from becoming destitute by reason of an ancient debt. The debt on which this action is founded is one for rent, one of the living expenses of the defendant, and I cannot feel that it was the purpose of the legislature to allow the recipient of compensation payments to receive them and place them in a savings account, and then keep them beyond the reach of the just creditors for living expenses of that same recipient. It would seem to me that the purpose of the legislature was rather to avoid confusion in the administration of the workmen's compensation bureau and to relieve that bureau of any extra bookkeeping and resultant confusion which might be caused by execution levies made against an employer and give an employer any excuse or reason for delay in making their payments "due" promptly.

In the case at bar the moneys were paid and received by the defendant, and mingled with her funds, and as a result I cannot find that these moneys on deposit in the savings account are any longer a claim, nor a payment "due" under the act.

Further, if I were to adopt the defendants' contention, it would be to allow a permanent exemption to any recipient

of payments under the Workmen's Compensation act, of all moneys received under that act, for at any later date a defendant might come in and state that his savings account consisted of payments which he had received under the Workmen's Compensation act, and that therefore his savings account is exempt.

I will allow an order on the bank to turn over the moneys to the officer holding the execution.