FIRST JUDICIAL DISTRICT COURT OF MONMOUTH COUNTY.

ASBURY PARK AND OCEAN GROVE BANK, A BANKING CORPORATION, PLAINTIFF. v. ANDREW C. DAM, DEFENDANT.

Decided May 4, 1938.

For the plaintiff, *David Goldstein.*

For the defendant, *Isaiah Matlack.*

PROCTOR, D. C. J. This is a return of a rule to show cause why the defendant, Andrew C. Dam, should not be required to pay out of his income such weekly sum in installments on account of a judgment recovered against him, pursuant to section 201-J of the District Court act, which empowers the court to require the defendant to make payments out of his income on account of an execution.

It appears that the defendant is a retired naval officer of the United States government, and receives a pension of $165 per month. Counsel for the defendant stated at the argument that the defendant, although retired from active duty, is still liable to call for active duty, and I will assume this to be the fact. Defendant contends that at common law it is against public policy to levy an execution against the salaries of officers of the government, and that the New Jersey statute, which permits the salary of governmental officers to be garnisheed, applies only to state and municipal officials, and that due to the fact that defendant receives a pension from the federal government the common law rule applies.

At common law, as pronounced in *Schwenk* v. *Wyckoff,* 46 *N. J. Eq.* 560; 20 *Atl. Rep.* 259, it was against public policy for an officer, even though retired and subject to call, to assign his future salary and the reason for this rule, as originally proposed in the English courts, was that if the officer should be deprived of his salary there would arise a hazard of his being driven to an inappropriate meanness of living, and of the likelihood of his falling off in that official interest and vigilance which the expectation of pay keeps alive. It was for this reason that the English courts refused to countenance any act or proceeding that might result in stripping the official of his anticipated reward.

I can see no distinction between a voluntary assignment and an involuntary assignment. The Schwenk case held that the rule applies to retired officers still subject to call, and protects his salary from himself and his creditors until he earns it. However, to make an order requiring him to pay the money in advance of his receiving it, seems to me, would be the same as taking an assignment from him in advance of

his earning the money, and the public policy of this state in 1890, at the time of *Schwenk* v. *Wyckoff, supra,* appears to be against this.

However, the above rule of public policy seems to have changed. See *Pamph. L.* 1915, *p.* 470; *Pamph. L.* 1916, *p.* 242; *Pamph. L.* 1933, *p.* 210; *Pamph. L.* 1935, *p.* 508. See, also, *Oetjen* v. *Hintemann,* 91 *N. J. L.* 429; 106 *Atl. Rep.* 213. The statute in the exemption of income below the prescribed minimum and by the provisions limiting the amount to be made available for creditors, affords ample protection against want. These statutes seem to have modified the common law as enunciated in *Schwenk* v. *Wyckoff, supra,* as to public policy and embody the prevailing policy to-day. See *Passaic National Bank and Trust Co.* v. *Eelman,* 116 *N. J. L.* 279; 183 *Atl. Rep.* 677. A public servant's salary is liable to attachment. *Peterson* v. *Jersey City,* 89 *N. J. L.* 93; 97 *Atl. Rep.* 963.

Therefore, it seems that the general policy of the law is to lend the creditor all reasonable assistance for the enforcement of his claim, especially against a debtor who, though possessed of the means to pay, seeks to evade his obligation. Consequently, it would seem that in view of the fact that the amount to be deducted from the income is limited, and that only one execution against salary shall be satisfied at one time, the reasons for the policy as set forth in *Schwenk* v. *Wyckoff, supra,* are outmoded.

Defendant also cites section 4747 of the Revised Statutes of the United States, which provides in effect that pension funds cannot be attached by creditors while in the course of transmission to the pensioner. However, after the money comes into the pensioner's hands, the funds are so liable like any other funds. *Jardain* v. *Fairton Saving Fund and Building Association,* 44 *N. J. L.* 376.

In the instant case, there is no application for a levy against the fund while in transmission. The application is merely to have the debtor pay over a certain percentage of his income. The case of *Bullard* v. *Goodno* (*Vt.*), 50 *Atl. Rep.* 545, cited by the defendant, is not in point, as there the pensioner was

indebted to his wife and had turned his pension fund over to her in satisfaction of the debt.

Plaintiff has submitted a decision dated December 20th, 1935, in this court, in the case of Pascal *v.* Quackenbush et al., wherein the court held that an employer of the United States government was compelled to pay ten per cent. of his salary in installments in satisfaction of the judgment. In that case the court likened the income of the defendant to that of an income from federal government bonds. Of course, the situations are not similar, as the question of an attachment against a governmental employer's salary is whether or not it would interfere with his services to the government. *Schwenk* v. *Wyckoff, supra; Peterson* v. *Jersey City, supra.* Obviously, no such issue would arise where the debtor merely was in receipt of an income from government bonds. However, I base my conclusions upon the fact that public policy in this state has changed since the time of *Schwenk* v. *Wyckoff, supra,* and the prevailing policy has been enunciated by both our legislature and recent court decisions. I can see no reason why a debtor should not pay his past debts out of his income, as well as his current obligations.

It is, therefore, determined that an order of this court shall issue requiring the said defendant to pay on account of said execution, ten per cent. of his income in installments, and that the said payments shall be made monthly.