MATTHEW J. BOYLAN, PLAINTIFF, v. HELEN JOYCE, DEFENDANT.

Submitted June 9, 1939—Decided August 17, 1939.

Before BROGAN, CHIEF JUSTICE.

For the plaintiff, *Sachs & Sachs.*

For the defendant (Employes' Pension Commission of Jersey City), *N. Louis Paladeau, Jr.*

BROGAN, CHIEF JUSTICE. The question for determination is whether or not moneys in the hands of Helen Joyce, received as beneficiary of a pension, are immune from installment execution at the hands of the judgment creditor. The matter is here on rule to show cause why the said Helen Joyce should not be required to pay in installments in reduction of a judgment. The amount she presently receives is $83.33 per month.

The judgment debtor receives a pension as widow of her deceased husband under the act for police and fire department pension funds—*R. S.* 43:13, *et seq.,* and under one of its provisions—43:13-9 (bottom) it provides: "All pensions granted under this article shall be exempt from any state or municipal tax, levy and sale, garnishment or attachment or any other process whatever, and shall be unassignable."

The Execution act, in addition to providing for garnishment of salary (barred under the exemption in the pension law mentioned above) *R. S.* 2:26-181, provides as follows: "In case it is made to appear by affidavit that the judgment debtor is entitled to or is in receipt of income other than that from such trust funds as are exempt by law, the court or a judge thereof may make an order requiring defendant to show cause why he should not be ordered to make payments on account of the execution out of such income at stated periods in installments and upon such terms as the court or judge may direct." This is the pertinent part of the statute. The remainder thereof has no application to the question before us.

The situation resolves itself then into this: Does the exemption under the Pension act, mentioned above, extend to the payments made thereunder after such moneys have reached the hands of the pensioner? Admittedly they may not be attached in whole or in part, or assigned, while they remain in the custody of the trustees of the pension fund, or so long as the periodic payments have not yet accrued.

It is contended that the exemption exists in favor of the judgment debtor at all times, reliance being placed upon the case of *Passaic National Bank* v. *Eelman,* 116 *N. J. L.* 279. That case, in my judgment, is not applicable. It deals with a different situation. The question there concerned the general rule that the active servants of a sovereignty are not subject to garnishment, and their salaries are not assignable in the absence of a permissive statute, under the theory that such assigning or bartering away unearned pay undermines the value of the servant.

I do not have much doubt but that the moneys *in the hands of* the beneficiary are subject to an installment execution order. The New York Court of Appeals, dealing with a similar matter, held that it was. See *Matter of Reeves* v. *Crowninshield,* 274 *N. Y.* 74. When the salary is received it becomes part of a general fund of the owner. If the money were used to purchase real or personal property I do not think it could reasonably be maintained that the result of the investment of these moneys was immune from execution. See, also, *Bool Floral Co.* v. *Coyne,* 158 *N. Y. Misc.* 13; *Cross Bay Lumber Co.* v. *Samoa,* 293 *N. Y. Supp.* 794.

The judgment creditor is entitled to have the judgment satisfied by installment executions.