81 N.J. Super. 448 (1963)
195 A.2d 910
STATE OF NEW JERSEY, PLAINTIFF,
v.
MADELINE MONACO, ADMINISTRATRIX OF THE ESTATE OF JOSEPH KENNY, DECEASED, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 10, 1963.
*449 Mr. Arthur J. Sills, Attorney General of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney General, appearing), for plaintiff.
Mr. William B. Gannon for defendant.
BENNETT, J.C.C. (temporarily assigned).
The State of New Jersey recovered a judgment in this action against defendant administratrix on September 25, 1962 in the amount of $9,277.22 for the care and treatment furnished the decedent in the New Jersey State Hospital at Greystone Park. A writ of execution issued and the Sheriff of Union County has levied on the estate's funds in a savings account in the Union County Trust Company, Summit, New Jersey.
Defendant now moves for an order dismissing the State's levy, claiming these funds are exempt from levy under 38 U.S.C.A. § 3101(a), in that they consist of moneys received by the decedent in the form of United States veterans' pension payments.
The State, on the other hand, contends that the funds are not exempt from execution.
38 U.S.C.A. § 3101(a), provides:
"Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exampt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *"
The issue is whether the moneys in the estate of Joseph Kenny, deceased, which came from a federal veteran's pension payable to decedent in his lifetime, are exempt from the judgment claim recovered by the State against the estate, because of the provisions of 38 U.S.C.A. § 3101 (a).
Plaintiff claims that such pension moneys lose their identity as pension money on the death of the veteran, and that the exemption of such moneys from the claims of creditors is *450 thereupon lost. In support thereof State v. Wendt, 94 Ohio App. 440, 116 N.E.2d 30 (Ct. App. 1953), is cited. In that case a veteran was confined in the state hospital for the mentally ill where he remained for about two years until his death. At his death he had no assets except funds from accrued federal veteran's pension payments. The state made a claim on the administrator for his decedent's maintenance and support while in the hospital. The administrator claimed the funds were exempt from all claims of creditors under 38 U.S.C.A. § 454a (which contained the same statutory language as the present 38 U.S.C.A. § 3101(a)). The state then sued for a declaratory judgment. The court found that the statute did not exempt the funds from the claim of the state. It held:
"The exemption provided in Section 454a, Title 38, upon the death of the pensioner, where the pension payments are terminated, is not extended to the protection of the heirs or next of kin of the pensioner, as against the rights of the creditors of the pensioner. The statute does not expressly so provide and the court will not enlarge on its provisions by inference or construction. The fund held by the administrator in the instant case will be administered as other assets and distributed under the intestate laws of the State of Ohio."
In Estate of Buxton, 246 Wis. 97, 16 N.W.2d 399 (Sup. Ct. 1944), it was held that where the assets of a dead widow of a civil war veteran consisted of a pension paid to the dead widow's guardian, such assets were not exempt from the claim of the state for the care of the deceased while confined in an insane asylum. The court therein said:
"The purpose of this legislation, both federal and state, is for the protection of the veteran. No reference is made in either statute to the heirs or legatees of the veteran, and nowhere do we find protection for them as against creditors of the deceased."
It is contended by the defendant that a close examination of the clear and unambiguous language of 38 U.S.C.A. § 3101(a), establishes that these funds are exempt from levy. Defendant relies on In re Flanagan, 31 F. Supp. 402, 403 (D.C.D.C. 1940), wherein the court held:
*451 "The purposes of the exemption statute in that case and the purpose of the exemptions in this were to protect not only the recipient of the benefits but to afford some degree of security to the family and dependents of such recipient. The enactment of these statutes had as their purpose, at least in part, to insure the public against the pauperism of the recipient of the benefits or that of his dependents."
Defendant also contends that this court has no jurisdiction to make the order sought because 38 U.S.C.A. § 3203(b) (4), commits the decision as to whether payments should be made and how much should be paid to the discretion of the administrator. That section provides:
"All or any part of the pension, compensation, or retirement pay payable on account of any incompetent veteran who is being furnished hospital treatment, institutional or domiciliary care may, in the discretion of the Administrator, be paid to the chief officer of the institution wherein the veteran is being furnished such treatment or care, to be properly accounted for by such chief officer and to be used for the benefit of the veteran." (Emphasis supplied)
This court notes that the above section controls during the time the veteran is receiving care and treatment. The problem in the case sub judice, however, concerns the status of the pension funds after the death of the veteran.
It is beyond question, as provided in In re Flanagan, supra, that the purpose of this exemption is to protect and provide security for the recipient of these benefits and for his family. Such an end has been realized in this case. The decedent herein received considerable care and treatment from the State of New Jersey. A debt resulted therefrom. However, because of the moneys received by the decedent in the form of United States veterans' pension payments, protection against this obligation has been afforded.
This court concludes that these pension funds lose their identity as pension moneys on the death of the veteran and that the exemption of such moneys from the claims of creditors is thereupon lost.
Defendant's motion seeking an order dismissing the State's levy on the said bank account is denied.