116 N.J. Super. 428 (1971)
282 A.2d 458
FREEDOM FINANCE CO., INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF,
v.
ALEX FLECKENSTEIN AND MARION M. FLECKENSTEIN, DEFENDANTS.
Superior Court of New Jersey, District Court, Union County.
Decided October 12, 1971.
*429 Mr. John S. Giava, attorney for plaintiff.
Mr. Robert Brotman, attorney for the defendants (Union County Legal Services Corp.).
McKENZIE, J.D.C.
Plaintiff recovered judgment against defendants in the total sum of $1,162.32 on March 11, 1971. The judgment not having been paid, plaintiff applies for an order directing defendants to pay out 10% thereof of their income.
It appears that defendant's only substantial source of income is a monthly pension in the sum of $247.85, received by defendant husband under the Railroad Retirement Act (45 U.S.C., § 228a et seq.), and a $42.51 monthly pension from the Pennsylvania Railroad Co. Although plaintiff disputes this, its allegations of additional income are based on suspicion rather than facts and are therefore rejected.
The Railroad Retirement Act of 1937, under which the defendant husband receives his pension, provides in part as follows:
Notwithstanding any other law of the United States, or of any State, Territory, or the District of Columbia, no annuity or pension payment shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated. [45 U.S.C., § 228l]
The question presented to the court is whether the section cited prohibits the relief sought by plaintiff, who takes the position that a court order directed to the pensioner *430 to make payments from income to the judgment creditor is not included in the exemption.
It has been said there is a division of authority as to whether exemptions continue to apply to pension payments once they have reached the hands of the pensioner. 35 C.J.S., Exemptions, § 43. However, an analysis of the cases indicates that each case necessarily turns on the construction of the specific exemption statute involved. Thus where the former federal statute (U.S. Rev. Stat., § 4747) governing all pensions for government employees provided for an exemption which by its terms was limited to payments still in the pension office or in the course of transmission to the employee, it was held that the exemption status was lost when it reached the pensioner. McIntosh v. Aubrey, 185 U.S. 122, 22 S.Ct. 561, 46 L.Ed. 834 (1902). See also Asbury Park and Ocean Grove Bank v. Dam, 16 N.J. Misc. 285 (Dist. Ct. 1935).
Similarly, where the exemption applied to "payments due" under the Workmen Compensation Act, N.J.S. 34:15-29, it was held not to protect such payments after receipt by the claimant. Beierlein v. Faulkner, 15 N.J. Misc. 313 (Dist. Ct. 1937). On the other hand, a contrary result was indicated where the statute concerning veterans' pensions provided for exemption "either before or after receipt by the beneficiary." State v. Monaco, 81 N.J. Super. 448 (Law Div. 1963).
Plaintiff relies on Boylan v. Joyce, 123 N.J.L. 130 (1939), construing the exemption in our act for police and fire department pension funds, N.J.S. 43:13-9, and holding that the exemption does not apply once the monies have reached the pensioner. While that case might be distinguished because of the difference in the language employed in the respective statutes, suffice it to say that Boylan has not been followed or cited by any subsequent case and must be considered as having withered on the vine. Thus, in Fischer v. Fischer, 13 N.J. 162 (1953), our Supreme Court, interpreting the same exemption, permitted *431 the garnishment of the pension by the wife under an alimony order, but made it clear that this was due to the favored suitor class of the pensioner's wife. Justice Heher, writing for the majority, said:
* * * it is abundantly clear that the policy of the immunity provision is to shield the pensioner against the coercive remedial and executorial processes available to creditors, and thus to secure the pensioner and his family against improvidence and want. [at 167]
Plaintiff also relies on the Pennsylvania case of Commonwealth v. Berfield, 160 Pa. Super. 438 (Super. Ct. 1947), the only case brought to the attention of the court interpreting the specific provision in question in the present case, and allowing legal process against the pension funds. However, there again the party seeking the funds was the wife of the pensioner, attempting to enforce an order for support. The Pennsylvania court also was specific that the relief was granted to her only because the support obligation of the pensioner arises from the marital status and the legal unity of husband and wife, rather than from a debt founded on contract, concluding:
* * * a wife may look to a fund payable to her husband however safeguarded by law, or by the language of its creation, from attachment by others. [Emphasis added]
The portion of that opinion holding that the purpose of the exemption is "solely" to relieve the government agency of the burden in the handling of funds which would result if legal process attached is not in accord with the philosophy concerning such statutes as expressed by our New Jersey Supreme Court, as cited above.
The purpose of statutory construction is to bring the operation of the statute within the apparent intent of the Legislature. Nagy v. Ford Motor Co., 6 N.J. 341 (1951). Thus, the construction of the statute may be enlarged or restrained according to the evident sense of the lawgiver. State v. Mair, 39 N.J. Super. 18 (App. Div. 1956).
*432 It is the policy in New Jersey to favor exemptions from civil process in cases of pension funds, and such exemptions should therefore be liberally construed in favor of the pensioner. Hoffman v. Hoffman, 8 N.J. 157 (1951); 31 Am. Jur.2d, Exemptions, § 97 at 415; cf. Guardian Loan Co. of Plainfield v. Baylis, 112 N.J. Super. 44 (Dist. Ct. 1970). The purpose of the exemption is to protect from dissipation the usually small amounts which pensioners and their families receive to carry them through their later years, when often they have little if any income from other sources. See Thiel v. Thiel, 41 N.J. 446 (1964); Fischer v. Fischer, supra; State v. Monaco, supra; Essex County Welfare Bd. v. Philpott, 104 N.J. Super. 280 (Law Div. 1969), rev'd on other grounds 59 N.J. 75 (1971). It is noteworthy in the latter case that, in reversing the lower court, the Supreme Court pointed out that the funds for which the exemption was disallowed were accrued moneys rather than current benefits necessary for the recipient's support and maintenance. 59 N.J. at 83.
And it is obviously no solace to one existing on a marginal financial basis to be told that he is protected because only 10% of his income is to be directed to the payment of a judgment. Therefore, to allow the relief requested by plaintiff would obviously thwart the beneficial purposes intended by Congress in providing an exemption for pension funds paid to retired railroad men.
This court therefore adopts the view that the intent of the exemption in question is not limited to the funds before they reach the pensioner, but also covers monies derived from the pension payments in the hands of the pensioner.
There is authority for the view that the exemption even continues as to real or personal property purchased with pension fund proceeds, insofar as the same can be traced and identified. Yates County Nat. Bank v. Carpenter, 119 N.Y. 550, 23 N.E. 1108 (Ct. App. 1890); 31 Am. Jur.2d, *433 Exemptions, § 97. However, it is not necessary to determine this issue in the present case.
The motion for an order to pay out of income is therefore denied.