East Moline Works Credit Union, a Corporation, Appellant, v. Clarence A. Linn and Phyllis R. Linn, Appellees.

Gen. No. 64–24.

Third District.

August 26, 1964.

Gene McWhorter, of Aledo, for appellant.

Moran, Klockau, and McCarthy, of Rockford (Donald M. Anderson, of counsel), for appellees.

ROETH, J.

Plaintiff East Moline Works Credit Union recovered a judgment against defendants Clarence A. Linn and Phyllis R. Linn for the sum of $5,035.39. Plaintiff then sued out a writ of garnishment against the Farmers State Bank of Viola as garnishee. The bank answered that it had on deposit to the credit of defendants the sum of $2,781.62, whereupon judgment was entered against the bank for said amount on deposit. Subsequently defendants moved to vacate the judgment against the bank and to quash the garnishment writ on the ground that the funds on deposit to their credit were exempt from garnishment. On the hearing of the motion it was stipulated that said funds were part of a settlement, obtained by Clarence A. Linn on a claim by him under the Workmen's Compensation Act from his employer, for injuries sustained in the course of his employment. The trial court sustained the motion and quashed the garnishment writ. The question here involved is the narrow legal question of whether such funds are exempt from garnishment. It is the theory of counsel for plaintiff that awards under the compensation act are only ex-

empt when not yet due from or paid by employer and that the exemption ceases when the money is paid to the employee and, as in this case, deposited in a bank to his credit.

Section 138.21 of Chapter 48, Illinois Rev Stats 1963, provides as follows:

> "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages. The compensation allowed by any award or decision of the Commission shall be entitled to a preference over the unsecured debts of the employer, wages excepted, contracted after the date of the injury to the employee. A decision or award of the Commission against an employer for compensation under this Act, or a written agreement by an employer to pay such compensation shall, upon the filing of a certified copy of the decision or said agreement, as the case may be, with the recorder of deeds of the county, constitute a lien upon all property of the employer within said county, paramount to all other liens or claims, except mortgages, trust deeds, or for wages or taxes. Such liens may be enforced in the manner provided for the foreclosure of mortgages under the laws of this State."

In Angerstein, Illinois Workmen's Compensation, Revised Edition, Vol 3, page 102, in commenting on this section it is said:

> "The above provisions of the Act are obviously of great importance in assuring to the injured employee. or his dependents or beneficiaries in case of death the compensation provided for by the Act. Oft times the employee has debts and

obligations or has made an assignment of wages, etc., or has judgment pending against him and if the compensation claims or payment were subject to liens, attachment, garnishment or other claims or debt then in many cases the compensation payments would be secured for other purposes and the essential purpose of the Act would be defeated and in place of compensation payments going to the injured employee or his dependents in the time of their need, such payments would merely constitute a fund for creditors. . ."

In Weber v. Ridgway, 212 Ill App 159, the administrator of a deceased employee received a check from the employer. This check was made up in part of an award to the employee and in part of an award to the widow as an only dependent and had not been cashed at the time of service of a garnishment writ. The court held that the widow's share of the check was not subject to garnishment for her personal debt under the statute.

In Lasley v. Tazewell Coal Co., 223 Ill App 462, an attorney was employed to prosecute a claim for compensation for an injured employee. The attorney secured a total disability award which entailed monthly payments to the employee for life. The attorney then had his attorneys fees fixed by the commission and filed a suit against the employer to impress a lien on the monthly payments. The court held that the exemption created by the statute above, precluded the attempt to impress the attorney's lien.

The foregoing cases are the only Illinois cases which deal with the problem before us. It is true, as contended by counsel for plaintiff, that the factual situation in these cases is different from the case at bar, in that the award money had not been paid to, or received by, or placed on deposit in a bank to the credit of, the employee. For this reason we have seen

fit to examine authorities in other jurisdictions for a more closely analogous factual situation.

The factual situation in Surace v. Danna, 248 NY 18, 161 NE 315, is comparable to the situation in the case at bar. In that case the New York statute provided:

> "Compensation or benefits *due* under this chapter . . . shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, etc." (Emphasis supplied.)

In a well considered and analytical opinion, Chief Justice Cardozo held that notwithstanding the word "due" in the statute, the money award was exempt even after deposit by the employee in his bank account. The Supreme Court of Oklahoma followed the same rule in In re Allen, 182 Okla 512, 78 P2d 700. In Arizona where the word "due" did not appear in the statute the same result was reached in Vukovich v. Ossic, 50 Ariz 194, 70 P2d 324. In Texas, under a statute similar to the Illinois statute, a like result was reached in Gaddy v. First National Bank, 115 Tex 393, 283 SW 472. A contrary result was reached in Hawthorn v. Davis (La App), 140 So 56, Beirlein v. Faulkner, 15 NJ Misc 313, 190 Atl 853, and Wartella v. Osick, 108 Pa Super Ct 589, 165A 660. In each of the latter cases the word "due" appeared in the statute and the court adopted a strict construction of the statute.

It is significant to note that the Illinois statute uses the broad language of (a) payment, (b) claim, (c) award, or (d) decision. The word "payment" connotes that which has been paid. The other words connote compensation that is in the process of determination. Thus the exemption attaches to the compensation that has been paid as well as compensation that may be due or may become due.

In view of the foregoing, we are of the opinion that the conclusion reached by the trial court that the

101

funds on deposit in the garnishee bank were exempt is correct. Accordingly the judgment of the Circuit Court of Mercer County will be affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN J., concur.