GERALD SHRADER, Plaintiff-Appellee, *v.* LEO MAULTZ, Defendant-Appellant.—(BRIDGEVIEW BANK, Garnishee.)

First District (1st Division) No. 77-153

Opinion filed March 13, 1978.

Susan M. Sitter and Thomas Grippando, both of Cook County Legal Assistance Foundation, Inc., of Maywood, for appellant.

Paul J. Cronin, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Gerald Shrader obtained a default judgment against defendant Leo Maultz for damages arising out of an automobile collision. Plaintiff successfully filed an affidavit of garnishment and summons on defendant's bank account for the amount of the judgment. The account consisted solely of funds derived from defendant's pension under the Railroad Retirement Act.

Defendant's motion to dismiss the garnishment was denied. Also dismissed was defendant's subsequent motion to reconsider. On appeal, defendant argues that the trial court erred in garnishing his pension inasmuch as it is exempt from garnishment under the provisions of the Railroad Retirement Act.

We reverse and remand.

The facts are not disputed. On April 21, 1976, plaintiff Gerald Shrader obtained a default judgment against defendant Leo Maultz in the amount of $589.94 plus costs. The lawsuit arose out of an automobile collision between the parties. On October 1, 1976, plaintiff filed an affidavit of

garnishment and summons on the garnishee Bridgeview Bank for $533.71. Judgment was entered in favor of plaintiff and defendant moved to dismiss the garnishment.

In his motion to dismiss, defendant argued that the funds held by the garnishee bank were exempt from garnishment since they consisted solely of a pension received by defendant under the Railroad Retirement Act of 1937 (45 U.S.C. §228(a) *et seq.* (1970)) and that this was his only source of income. Nevertheless, relying on *Commonwealth v. Berfield* (1947), 160 Pa. Super. 438, 51 A.2d 523, the trial court held that the exemption did not apply to benefits actually paid to the recipient.

The Railroad Retirement Act of 1937, under which defendant receives his pension, provides in part:

"[N]o annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment or other legal process under any circumstances whatsoever * * *." (45 U.S.C. §231(m) (Supp. IV 1974).)

The sole question is whether the cited section affords protection to benefits that have been paid to the recipient. We believe that it does.

In 1974, Congress amended the Railroad Retirement Act so as to eliminate the possibility that a person might simultaneously receive benefits under the Railroad Retirement Act and the Social Security Act. (Act of October 16, 1974, Pub. Law 93 - 445, 88 Stat. 1305.) Scrutinizing the legislative history of the amendment, it is clear that the two systems are to be integrated. The Senate Report provides:

"A major purpose of the new Railroad Retirement Act is to eliminate with respect to future service the 'windfall' element in cases where benefits are payable to a single individual under both the Railroad Retirement Act and the Social Security Act. To accomplish this purpose, subsection (m) of section 3 provides that the social security level component of an employee's annuity * * * will be reduced by the amount of any monthly insurance benefit which the employee actually receives under the Social Security Act. Thus railroad employees, like employees in other major private industries, will, in the future receive retirement benefits * * * supplemental to, rather than additional to, social security benefits." (3 U.S. Cong. & Adm. News 5738 (1974).)

With this in mind, the protection afforded recipients under the Railroad Retirement Act must be analyzed in terms of the protection afforded recipients under the Social Security Act.

In *Philpott v. Essex County Welfare Board* (1973), 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590, the Supreme Court held that the Social Security Act (42 U.S.C. §301 *et seq.* (1970)) barred the State of New Jersey from garnishing Federal disability insurance paid to the plaintiff and deposited

in his bank account. That case also involved the interpretation of a statute exempting pension benefits from garnishment:

"The right of any person to any future payment under this subchapter shall not be transferrable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." (42 U.S.C. §407 (1970).)

In holding that the funds could not be garnished, the court stated:

"The protection afforded by Sec. 407 is to 'moneys paid' and we think the analogy to veterans' benefits exemptions which we reviewed in *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, is relevant here. We held in that case that veterans' benefits deposited in a savings and loan association on behalf of a veteran retained the 'quality of moneys' and had not become a permanent investment." (409 U.S. 413, 416, 34 L. Ed. 2d 608, 611, 93 S. Ct. 590.)

In *Philpott*, as in *Porter*, the funds on deposit that were sought to be garnished were readily withdrawable and retained the "quality of money." Likewise, defendant's bank deposits in this case should also be protected, since they too were readily withdrawable and were not in any way converted into permanent investments.

In *Freedom Finance Co. v. Fleckenstein* (1971), 116 N.J. Super. 428, 282 A.2d 458, the court was faced with the same issue presented here. In holding that pension funds paid to a recipient under the Railroad Retirement Act could not be garnished, the court stated that exemption statutes should be construed liberally in favor of the pensioner:

"The purpose of the exemption is to protect from dissipation the usually small amounts which pensioners and their families receive to carry them through their later years, when often, they have little if any income from other sources. * * *

* * *

This court therefore adopts the view that the intent of the exemption in question is not limited to funds before they reach the pensioner but also covers monies derived from the pension payments in the hands of the pensioner." (116 N.J. Super. 428, 432, 282 A.2d 458, 460.)

We believe this to be the better view, particularly in light of the facts in the present case, where all of the funds in defendant's bank account were derived from his pension under the Railroad Retirement Act and said pension was his only source of income. See *East Moline Works Credit Union v. Linn* (1964), 51 Ill. App. 2d 97, 200 N.E.2d 910.

*Freedom Finance* is also noteworthy in that it specifically rejected the

views expressed in *Commonwealth v. Berfield* (1947), 160 Pa. Super. 438, 51 A.2d 523, the case relied on by the circuit court in denying defendant's motion to dismiss. In *Commonwealth*, the Pennsylvania court held that the exemption only applied to funds not yet paid to the pensioner. The sole purpose of the exemption, the court reasoned, was to relieve the Federal agency of the burden of handling funds to which legal process might attach. We believe this view to be contrary to the philosophy concerning such statute in Illinois. See *East Moline Works Credit Union v. Linn* (1964), 51 Ill. App. 2d 97, 200 N.E.2d 910.

■■ Further, the equal protection clause is not violated by the fact that benefits paid under a pension plan for public employees may be immune from garnishment, while private pension benefits are not. There are reasonable and conceivable bases for differentiating between private and public annuitants and pensioners in regard to the granting of garnishment and attachment exemptions. *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 367 N.E.2d 1325.

■■ This court therefore adopts the view that the intent of the exemption in question is not limited to the funds before they reach the pensioner, but also includes monies derived from the pension payments in the hands of the pensioner.

Accordingly, the order of the circuit court of Cook County denying defendant's motion to dismiss the garnishment is reversed, and the cause is remanded for proceedings consistent with the views expressed herein.

Order reversed; cause remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.