GARY COCHENNOUR, Plaintiff-Appellee, *v.* CARRIE LOFTON, Defendant-Appellant.

Fourth District   No. 14783

Opinion filed August 11, 1978.

James K. Borbely, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant Carrie Lofton is a public aid recipient and was a tenant of plaintiff Gary Cochennour. When she failed to pay her rent for November 1977, in advance, he gave her a rent demand notice and filed an action in forcible entry and detainer against her in the circuit court of Macon County. A judgment for the plaintiff for possession, for $160 in rent for the period in which defendant held over, and for costs was entered. Pursuant to supplementary proceedings brought under section 73 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 73), defendant was ordered to satisfy the money judgment by paying plaintiff at the rate of $15 per month. Defendant appeals from the payment order. We reverse.

■■■ At the hearing in which the payment order was entered the sole evidence of defendant's income or other ability to pay was that she received $599 per month in public aid benefits for the support of herself and her nine children. These payments were made pursuant to the provisions of articles III through VII of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, pars. 3—1 through 7—6). Section 11—3 of the Code states that all aid given under articles III through VII "shall be absolutely inalienable by assignment, sale, attachment, garnishment, or otherwise." Section 73(8) of the Civil Practice Act, pursuant to which the supplementary order was issued, states that the court is not empowered to order payments to be made from property statutorily exempt from various types of process including garnishment and attachment.

As the evidence indicated no method exists by which defendant can make the ordered payment other than from the proceeds of her public aid grant; the order was proper only if payment from those funds could be properly ordered. The legislation described in the preceding paragraph makes the proceeds immune from garnishment or attachment and prohibits a direction to a judgment debtor to make payment from funds clothed with that immunity. However, the trial court concluded because the public aid grant is awarded in order to enable the recipient to pay for necessities such as rent, the proceeds from the grant should not be immune from being required to be used in satisfaction of a judgment obtained upon a claim for providing necessities.

■■ The trial court's theory presents an argument for what it thinks a desirable rule would be. However, the statutory provisions cited give no indication that proceedings to collect judgments obtained upon claims for furnishing necessities are exempt therefrom. No case law is cited in support of that theory. On the other hand, in *Philpott v. Essex County Welfare Board* (1973), 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590 (see briefs at 34 L. Ed. 2d 874, 875), an individual had applied for and received State welfare benefits upon signing an agreement to reimburse the state for this assistance. Subsequently that individual received a retroactive lump sum award for social security covering the same period that the state welfare award had been made. Section 207 of the Social Security Act (42 U.S.C. §407 (1970)) had a provision similar to section 11—3 of the Illinois Public Aid Code exempting the social security proceeds from garnishment, attachment, etc. The United States Supreme Court ruled that although the recipient's obligation to the state had been incurred to obtain necessities, the cited provision of the Social Security Act made the social security lump sum benefits immune from process in satisfaction of the State's claim.

For the reasons cited, the payment order is reversed.

Reversed.

TRAPP and CRAVEN, JJ., concur.