FAYETTE COUNTY HOSPITAL, Plaintiff-Appellant, v. IRA REAVIS *et al.*, Defendants-Appellees (First National Bank of Mulberry Grove, Garnishee-Appellee).

Fifth District   No. 5—86—0433

Opinion filed May 12, 1988.

LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd., of Vandalia (Larry L. LeFevre and S. Gene Schwarm, of counsel), for appellant.

George H. Huber and Richard O. Habermann, both of Vandalia, for appellees Ira Reavis and Bernice Reavis.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff, Fayette County Hospital (Hospital), appeals from an order entered by the circuit court of Fayette County in a proceeding to enforce a judgment against defendants, Ira and Bernice Reavis, finding that a certain certificate of deposit was exempt from garnishment. The Hospital maintains on appeal that the trial court erred in

determining that a certificate of deposit, purchased with social security benefits, payable upon death of the owner to a funeral home, is exempt under section 12—1001 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001).

On December 18, 1985, the Hospital filed an amended complaint in the circuit court of Fayette County requesting that the court enter an order directing defendants, Ira and Bernice Reavis, to pay the Hospital for the medical services rendered to Mr. Reavis. On February 11, 1986, the parties agreed to the entry of a judgment in which the trial court directed defendants to pay the Hospital the sum of $18,632.93 for the medical services rendered to Mr. Reavis by the Hospital. In an effort to enforce the February 11, 1986, judgment, the Hospital filed an affidavit for nonwage garnishment, alleging that garnishee, First National Bank of Mulberry Grove (Bank), was indebted to the defendants. In an affidavit filed on March 27, 1986, the Bank's cashier averred that the defendants had a checking account with a balance of $4,955.65 and a certificate of deposit owned by Mr. Reavis payable on his death to a funeral home.

On May 6, 1986, the Hospital filed a motion for turnover of monies held requesting that the court enter an order directing the Bank to issue a check to the Hospital in an amount equal to the sum of the balance of the checking account and the certificate of deposit. Mr. Reavis died on May 14, 1986. On May 19, 1986, Mrs. Reavis filed an affidavit of exemptions, alleging in part that the checking account and the certificate of deposit were exempt property because those funds were traceable to, and derived from, social security benefits.

During a May 20, 1986, hearing, the parties agreed that, despite Mr. Reavis' death, Mrs. Reavis could exempt $4,000 of personal property which represented both Mr. and Mrs. Reavis' exemptions under section 12—1001(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(b)). The only contested issue at the hearing concerned whether the checking account and certificate of deposit funds, which were traceable to social security benefits, were exempt. In a May 29, 1986, docket entry, the trial court found that the certificate of deposit, which was payable on Mr. Reavis' death to a funeral home, and the checking account were exempt under sections 12—1001(f) and 12—1001(g) (Ill. Rev. Stat. 1985, ch. 110, pars. 12—1001(f), (g)). After applying certain exemptions, the trial court ordered that the sum of $1,255.65 be turned over to the Hospital.

On June 2, 1986, the Hospital filed a motion to reconsider or, in the alternative, for clarification of judgment. In an order entered on June 24, 1986, the trial court denied the motion to reconsider and

stayed the May 29, 1986, order "as it relates to [the certificate of deposit] pending appeal." On June 27, 1986, the Hospital filed a timely notice of appeal.

Section 12—1001 sets forth the personal property owned by a debtor which is exempt from judgment, attachment or distress for rent. The Hospital maintains on appeal that the trial court erred in determining that Mr. Reavis' certificate of deposit, purchased solely with social security benefits and payable upon his death to a funeral home, was exempt under sections 12—1001(f) and 12—1001(g) of the Code. We agree.

We initially note that the cases relied upon by the trial court to support its decision may be distinguished from the case at bar. In *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 285, 469 N.E.2d 167, 175, the supreme court determined that section 12—1001 was not a defense to a contempt order for nonpayment of maintenance, even though all of the husband's income was from a source which section 12—1001 listed as exempt from judgment. In *Cochennour v. Lofton* (1978), 62 Ill. App. 3d 955, 957, 379 N.E.2d 922, 923, the court determined that a debtor's right to receive monthly public aid benefits was exempt from garnishment under section 11—3 of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—3). Neither the *Logston* nor *Cochennour* court addressed the issue of whether a judgment can be satisfied by garnishing property which is derived from an exempt source of funds such as social security benefits.

We further note that section 12—1001(f) exempts from judgment:

"All proceeds payable because of the death of the *insured* and the aggregate net cash value of any or all *life insurance* and *endowment policies* and *annuity contracts* payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(f).)

The certificate of deposit in this case obviously is not a form of life insurance or annuity contract. Accordingly, the certificate of deposit does not qualify for the exemption set forth in section 12—1001(f).

Section 12—1001(g) provides that a debtor's right to receive various benefits, including social security benefits, is exempt from judgment (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(g)). However, the Hospital is not attempting to attach social security benefits as they are received. The Hospital is attempting to satisfy its judgment from the funds of a certificate of deposit which are traceable exclusively to the social security benefits the Reavises previously had received.

■ Although the language of section 12—1001(g) which exempts

a debtor's "right to receive" social security benefits does not clearly indicate whether the legislature intended to exempt a debtor's funds which are traceable solely to social security benefits, section 12—1001(h) expressly exempts a "debtor's right to receive, or property that is traceable to" certain awards and payments (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(h)). However, section 12—1001(h) does not exempt a debtor's property that is traceable to social security benefits. It is well established that an expression of certain exceptions in a statute is construed as an exclusion of all others. (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 199, 414 N.E.2d 731, 734.) As a result, we conclude that the Illinois legislature did not intend to exempt property which is traceable to social security benefits and the certificate of deposit in this case is not exempt under section 12—1001.

However, Congress has provided such an exemption. Section 407(a) of the Social Security Act provides:

> "The right of any person to any future payment under this subchapter shall not be transferrable or assignable, at law or in equity, and *none of the monies paid or payable* or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." (Emphasis added.) (42 U.S.C.A. §407(a) (West 1983).)

In *Philpott v. Essex County Welfare Board* (1973), 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590, the Supreme Court determined that section 407(a) barred the State of New Jersey from garnishing Federal social security disability insurance paid to the plaintiff and deposited in his bank account. In barring the garnishment action, the *Philpott* court noted that section 407(a) applies to "money paid" and determined that the funds on deposit in plaintiff's bank account were exempt because they were readily withdrawable, retained "the quality of moneys" and had not become a permanent investment. 409 U.S. at 416, 34 L. Ed. 2d at 611, 93 S. Ct. at 592.

In *Shrader v. Maultz* (1978), 58 Ill. App. 3d 484, 374 N.E.2d 819, the court expressly applied the *Philpott* analysis to an Illinois case involving an attempt by a judgment creditor to garnish a defendant's bank account which consisted solely of funds derived from defendant's pension under the Railroad Retirement Act of 1937 (45 U.S.C.A. §228(a) *et seq.* (1970)). The *Shrader* court, noting that the protection afforded recipients under an exemption provision of the Railroad Retirement Act must be analyzed in terms of the protection afforded recipients under section 407(a) of the Social Security Act, determined

that the exemption is not limited to the funds before they reach the pensioner, but also includes monies derived from the pension payments in the hands of the pensioner. (58 Ill. App. 3d at 485, 487, 374 N.E.2d at 821, 822.) Accordingly, the court concluded that the defendant's bank deposits should be exempt because they were readily withdrawable and were not in any way converted into permanent investments. 58 Ill. App. 3d at 486, 374 N.E.2d at 821.

The affidavit of the Bank's cashier, the Hospital's motion for turnover of monies, and the Reavises' affidavit of exemptions filed in this case indicate that the Reavises owned a checking account with a balance $4,955.65 and Mr. Reavis owned a certificate of deposit with a balance of $3,860.20 which was payable on his death to a funeral home. The uncontroverted affidavit of exemptions indicates that the funds contained in both the checking account and the certificate of deposit were derived solely from the Reavises' social security benefits.

■ Under section 407(a) and the *Philpott* rationale, the funds in the checking account are exempt from garnishment as they obviously retained the "quality of money." With respect to the certificate of deposit, there is no evidence in the record to indicate that Mr. Reavis could not change the beneficiary of the certificate or that Mr. Reavis had a contract with the funeral home which required the proceeds of the certificate of deposit to be payable on his death to the funeral home. Accordingly, we conclude that the funds in the certificate of deposit were readily withdrawable, retained the "quality of money," had not become a permanent investment, and were exempt under section 407(a).

■ As the affidavit of exemptions properly indicates, all of the remaining property owned by the Reavises was exempt under the provisions of sections 12—901 and 12—1001(a), (b) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, pars. 12—901, 12—1001(a), (b).) The Hospital asserted no objection at trial concerning the application of the sections 12—901 and 12—1001(a) and (b) exemptions. Supreme Court Rule 366(a)(5) provides that a court of review may "enter any judgment and make any order that ought to have been given or made." (107 Ill. 2d R. 366(a)(5).) Accordingly, we conclude that all of the Reavises' property was exempt from garnishment and we reverse the trial court's judgment ordering that the sum of $1,255.65 be turned over to the Hospital.

■ One further point should be noted. Mr. Reavis died after the filing of the motion for turnover of monies, but prior to the trial court's judgment in this case. However, the parties stipulated at trial that Mrs. Reavis would be entitled to benefit from Mr. Reavis' exemp-

tions, despite Mr. Reavis' death. Stated differently, the parties treated this case as though Mr. Reavis were still alive for the purpose of calculating the exemptions to which the Reavises were entitled. We recognize that statements and stipulations made by a party's counsel may be binding on that party. (See *Bishop v. Crowther* (1980), 92 Ill. App. 3d 1, 12, 415 N.E.2d 599, 608; *Candalaus Chicago, Inc. v. Evans Mill Supply Co.* (1977), 51 Ill. App. 3d 38, 46-47, 366 N.E.2d 319, 325-26.) Accordingly, this court has considered the issues presented on appeal based upon the foregoing stipulation of the parties.

For the reasons stated herein, we reverse the judgment entered by the circuit court of Fayette County.

Reversed.

CALVO and KARNS, JJ., concur.