**In re Neal Ray THOMPSON, and Ruby Jean Thompson, Debtors.**

**No. 00–16906–WV.**

United States Bankruptcy Court, W.D. Oklahoma.

May 29, 2001.

J. David Ezzell, Elliott, Enabnit, Newby & Ezzell, Enid, for Debtors.

Keith R. Gibson, Williams, Box, Forshee & Bullard, P.C., Oklahoma City, for First State Bank of Keyes.

## ORDER

THOMAS M. WEAVER, Bankruptcy Judge.

This matter comes before the court on the motion to avoid lien filed by the debtors, Neal Ray Thompson and Ruby Jean Thompson ("Debtors"), to which secured creditor, The First State Bank of Keyes "(Bank"), filed its response in objection, Debtors filed their response brief, and Bank filed its reply brief. After careful review of the parties' submissions, the court finds that the motion to avoid lien should be granted.

Debtors seek to avoid Bank's security interest in two vehicles, a 1992 Chevrolet 3500 Pickup ("1992 Pickup") and a 1981 Chevrolet Fleetside Pickup ("1981 Fleetside") (collectively "vehicles"). Debtors contend that the subject security interest is a nonpossessory, nonpurchase-money security interest, and the vehicles are exempt under OKLA. STAT. tit. 31, §§ 1(A)(5) & (6), as implements of husbandry and tools of the trade.[1] Bank failed to object to debtors' claimed exemptions in accordance with FED. R. BANKR. P. 4003(b). Debtors contend they are entitled to avoid Bank's lien pursuant to 11 U.S.C. § 522(f).[2]

1. Schedule C of the Debtors' bankruptcy petition indicates that Debtors claimed as exempt the 1992 Pickup as a "tool of the trade" and as an "implement of husbandry," and the 1981 Fleetside as an "implement of husbandry." In their filings, however, the parties focus their arguments on the exemption for "implements of husbandry" under OKLA. STAT. tit. 31, § 1(A)(5), although Debtors cite to OKLA. STAT. tit. 31, § 1(A)(6). Given the lack of clarity, the court will address the motion to avoid lien in the context of both apparently claimed exemptions.

2. Unless otherwise specifically stated, all references to sections herein are to the United

▮ Section 522(f) permits debtors to avoid the fixing of a certain lien to the extent it impairs an exemption existing under either federal [3] or state law. *Heape v. Citadel Bank of Independence (In re Heape)*, 886 F.2d 280, 282 (10th Cir.1989). The State of Oklahoma has opted out of the federal exemptions, *see* OKLA. STAT. tit. 31, § 1(B), so state law exemptions only will apply. The state is permitted to define what property is exempt under state law, but federal law, specifically § 522(f), determines the availability of lien avoidance. *Heape*, 886 F.2d at 282. Thus, a lien on property can be avoided only if the property is: (1) exempt under state law, and (2) enumerated as an item avoidable under § 522(f). *Id.*

▮ In keeping with extant law, this court must first determine Debtors' claim of exemption of the vehicles under the Oklahoma exemption statute. In this regard, Debtors cite the case of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) for the proposition that, having failed to object to Debtors' claimed exemption, Bank cannot now challenge such exemption. In *Taylor*, relying on § 522(l),[4] the United States Supreme Court held that a bankruptcy trustee may not contest the validity of a claimed exemption after the expiration of

the 30–day period under FED. R. BANKR. P. 4003(b),[5] even though the debtor had no colorable basis for claiming the exemption. *Taylor*, 503 U.S. at 643–44, 112 S.Ct. 1644. Debtors argue that, in light of Bank's prior failure to object to their claim of exemption, it cannot now assert that they are not entitled to claim the exemption.

Several courts have agreed with this reasoning. *See, e.g., In re Chinosorn*, 248 B.R. 324 (N.D.Ill.2000)(failure to timely object to a claimed exemption prevents a trustee or creditor from later objecting to the validity of the exemption, even in the context of a debtor's lien avoidance motion); *Great Southern Co. v. Allard*, 202 B.R. 938 (N.D.Ill.1996)(same); *In re Youngblood*, 212 B.R. 593 (Bankr.N.D.Ill. 1997)(same). Other courts disagree, however, based on a strict reading of § 522(f)(1). That statute provides, "Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption *to which the debtor would have been entitled under subsection (b) of this section,*" if such lien falls within certain categories to be discussed *infra.* § 522(f)(1) (emphasis added). *See, e.g., Morgan v. F.D.I.C. (In re Mor-*

---

States Bankruptcy Code, 11 U.S.C. § 101–1330.

3. The federal exemptions are found in § 522(d).

4. Section 522(l) provides that:
The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*
*Id.* (emphasis added).

5. That Rule, as recently amended, states:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. the court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.
FED. R. BANKR. P. 4003(b).

*gan)*, 149 B.R. 147 (9th Cir. BAP 1993), and *In re Mohring*, 142 B.R. 389 (Bankr. E.D.Cal.1992)(both holding that an exemption arising under § 522(*l*) does not arise under 522(b) and, thus, it cannot support lien avoidance under § 522(f)). The *Mohring* court explained, "The exemption by default under § 522(*l*) is not an exemption 'to which the debtor would have been entitled under [§ 522(b)].'" *Mohring*, 142 B.R. at 394.

Still other courts reach the same result but on different grounds. For example, the court in *In re Moe*, 179 B.R. 654 (Bankr. D.Mont.1995), focused on the definition of "impairment" under § 522(f)(2)(A). The court held that such definition specifically requires the court to include the amount of the exemption that the debtor *could claim*, as opposed to actually claimed and allowed by default, if there were no liens on the property. *Id.* at 656.

In *In re Streeper*, 158 B.R. 783 (Bankr. N.D.Iowa 1993), the court recognized that § 522(*l*) and § 522(f) serve "entirely different functions." *Id* at 787. "Exemption under § 522(*l*) quickly determines which property is available for distribution ... to unsecured creditors and which property is available for the 'fresh start' of the debtor. In contrast, § 522(f) extinguishes the property rights of a creditor." *Id.* (citations omitted). The court then held that it would be inconsistent with notions of due process to prevent a secured creditor from raising lien avoidance issues "solely because of failure to object to the claim of exemption." *Id.*

In a well-reasoned opinion, the court in *In re Maylin*, 155 B.R. 605 (Bankr.D.Me. 1993), examined the long-accepted status of secured creditors in a bankruptcy proceeding. A secured creditor need not file a proof of claim in bankruptcy because the general rule is that liens pass through bankruptcy unaffected. *See Johnson v.*

*Home State Bank*, 501 U.S. 78, 82, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)("a creditor's right to foreclose on the [lien] survives or passes through the bankruptcy"). Thus, a secured creditor possesses the option to not participate in the bankruptcy proceeding. But, in the event a debtor files a § 522(f) lien avoidance motion, the secured creditor is required to defend or risk losing its rights in the property. "Secured creditors responding to lien avoidance motions would be deprived of important defenses if they forfeited their right to contest the debtor's entitlement to the exemption upon which the motion is based because they had, up until that time, exercised the accepted option not to participate in the bankruptcy proceedings." *Maylin*, 155 B.R. at 612. The court reasoned that "*Taylor* cannot mean that secured creditors lose important rights by doing exactly what the law has long said they can do: Ignore the bankruptcy proceedings until [haled] into court." *Id.* at 613. Thus, the court concluded:

> *Taylor* extends as far as its holding, but not as far as its dictum. It confuses Rule 4003(b)'s deadline for exemption objections made by the bankruptcy trustee (and the unsecured creditors who look to the estate for payment). Its rule does not foreclose a secured creditor from defending a § 522(f) ... action by denying that the property involved is exempt under applicable law. Notwithstanding Rule 4003(b) and *Taylor*, affected secured creditors may contest the *bona fides* of an exemption in defense of a § 522(f) lien avoidance motion.

*Id.* See also *In re Liston*, 206 B.R. 235 (Bankr.W.D.Okla.1997)(citing *Maylin* ).

This court agrees with the reasoning of *Maylin* and holds that a secured creditor's failure to object to a debtor's claim of exemption does not preclude it from litigating the merits of the exemption in the

context of a § 522(f) motion. Consequently, Bank in the present case may defend the motion to avoid lien by disputing debtors' entitlement thereto, including a review of the claimed exemption. Debtors' § 522(f) motion does not place into question their entitlement to the exemption, which would be precluded by the holding in *Taylor*, but implicates merely their entitlement to avoidance of the lien.

■ The next issue to be addressed is, in the context of a § 522(f) motion, which party bears the burden of proof on the issue of a disputed claim of exemption. Debtors bear the burden of proof on all lien avoidance issues. *Premier Capital, Inc. v. DeCarolis (In re DeCarolis)*, 259 B.R. 467 (1st Cir. BAP 2001). However, debtors may meet their burden of proof by establishing an entitlement to an exemption by listing that exemption in their schedules and designating the basis therefor in a clear and concise manner. FED. R. BANKR. P. 4003(c). The burden then shifts to the creditor challenging the exemption as part of its § 522(f) defense to prove that the exemption claim is improper. *In re Larson*, 260 B.R. 174 (Bankr.D.Colo.2001); *In re Maylin*, 155 B.R. at 613–614.

■ In the present case, in their bankruptcy schedules, Debtors claimed the 1992 Pickup as exempt as an "implement of husbandry" under OKLA. STAT. tit. 31, § 1(a)(5), and as a "tool of the trade" under OKLA. STAT. tit. 31, § 1(A)(6), and the 1981 Fleetside also as a "tool of the trade." Debtors have thus met their burden on the exemption issue. The burden then shifts to Bank to prove that the exemption claim is improper. In this regard, the only evidence before the court is the affidavit of debtor Neal Ray Thompson, attached to Debtors' response brief, in which he testifies that Debtors are farming on a scaled-back basis, and they use the vehicles claimed as exempt in conducting their farming operations. *See* Affidavit at ¶¶ 4 & 8. This testimony is unrefuted by Bank. Therefore, Bank has failed to satisfy its burden of proving the impropriety of the claimed exemptions.

The second determination the court must make is whether the property is enumerated as an item avoidable under § 522(f).[6] A debtor's lien avoidance powers under § 522 lie against only the categories of assets that are identified in the statute. *In re Smith*, 206 B.R. 186, 189 (Bankr.N.D.Iowa 1996)(citing *In re Flitter*, 181 B.R. 938, 942 (Bankr.D.Minn.1995)).

Debtors argue that the Bank's lien on both vehicles is avoidable under subsection (ii) of § 522(f)(1)(B) as "implements," which Debtors essentially equate to "farm implements." In response, Bank argues that the word "implements" is modified by the phrase "of the trade of the debtor;" thus, the property at issue that is exempt-

---

6. Section 522(f)(1)(B) provides:

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, is such lien is—

. . . . .

(B) a nonpossessory, nonpurchase-money security interest in any—

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, daily, or household use of the debtor or a dependent of the debtor;

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

*Id.*

ed as "farm implements" under Oklahoma exemption statute does not fall within the language of § 522(f), which focuses on the trade of the debtor.

 As to the construction of a statute, this court is "obliged to construe the statute so as to give effect to all of its terms." *Donaldson, Hoffman & Goldstein v. Gaudio (In re Forrest A. Heath Co., Inc.)*, 260 F.2d 333 (10th Cir.1958). This includes its use of commas. *Id.* at 337.

 In the present case, a construction of § 522(f) as requested by Debtors would require the court to read out of the statute the comma that exists between the word "tools" and the phrase "of the trade of the debtor." Indeed, in their response brief, Debtors exclude the comma in their citation to the statutory language. The more appropriate construction of the statute is that suggested by Bank in which the word "implements," like the words "professional books" or "tools," is modified by the phrase "of the trade" of the debtor. Thus, the lien subject to avoidance under § 522(f) must be on property that constitutes "implements" or "tools" of the trade of the debtor.

 The unrefuted affidavit of debtor Neal Ray Thompson establishes that Debtors use the vehicles in their farming operation. In Oklahoma, farming can be considered a "trade." *See Central Nat'l Bank & Trust Co. v. Liming (In re Liming)*, 797 F.2d 895 (10th Cir.1986); *Lindsey v. Kingfisher Bank & Trust Co.*, 832 P.2d 1 (Okla. 1992). Section 522(f) does not limit the categories of assets subject to lien avoidance to items exempted under seemingly corresponding state exemption statutes, as argued by Bank. Indeed, in this case, although Debtors exempted the vehicles as both implements of husbandry under OKLA. STAT. tit. 31, § 1(a)(5) and tools of the trade under subsection (6) of the same

title, the vehicles constitute tools of the Debtors' trade of farming. The vehicles thus fall within the statutory language of "implements" or "tools" of the trade of the debtor within the language of § 522(f)(1)(B)(ii). Inasmuch as the vehicles are both exempt under state law and enumerated as an item avoidable under § 522(f), the Bank's lien thereon should be avoided.

ACCORDINGLY, IT IS ORDERED that Debtors' motion to avoid lien should be and hereby is GRANTED.