Fred J. SCHOONOVER,
Debtor/Appellant,

v.

Edward KARR, Creditor/Appellee.

No. 02–CV–4069–JPG.

United States District Court,
S.D. Illinois.

Aug. 20, 2002.

■■■■■■■■■■■■■■■

Edward C. Eytalis, Attorney at Law, Jackson County, Carterville, IL, for appellant.

Donald R. Brandon, Attorney at Law, Williamson County, Herrin, IL, for appellee.

### ORDER

GILBERT, District Judge.

This matter comes before the Court on the appeal of the Debtor/Appellant, Fred Schoonover, from a decision of the Bankruptcy Court, Judge Kenneth J. Meyers. The Appellant has submitted a brief in support of his appeal (Doc. 5), and the Creditor/Appellee, Edward Karr, has responded (Doc. 6).

### I. BACKGROUND

This matter came before the Bankruptcy Court on the debtor's motion, made pursuant to 11 U.S.C. § 522(f)(1)(A), to avoid a judicial lien.

On March 2, 2001, the debtor filed his Schedule C exemptions, which claimed an exemption of $76,900.56 for certain Bank of Herrin accounts, including a savings account, a checking account and six certificates of deposit. The debtor alleges that, over a period of years, he received monthly social security, veteran's benefits and disability benefits checks and deposited those checks into the subject Bank of Herrin accounts. The debtor alleges that the balances of the subject accounts are solely traceable to these monthly deposits. The debtor contends that the accounts are subject to exemption under 735 Ill.Comp.Stat. 5/12–1001(g), which provides, in part:

> Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> (g) The debtor's right to receive:
>
> (1) a social security benefit . . . ;
>
> (2) a veteran's benefit . . . ;

735 Ill.Comp.Stat. 5/12–1001(g). The debtor also claimed the accounts as exempt under 735 Ill.Comp.Stat. 5/12–1006, which provides that a debtor may exempt "an interest in or right to" assets held in a retirement plan "if the plan . . . is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code . . . ."[1]

On April 12, 2001, the meeting of creditors took place. See Bankruptcy Rule 2003(a); Bankruptcy Code § 341(a). Bankruptcy Rule 4003(b) requires that objections to claimed exemptions be filed within 30 days of the meeting of creditors. In this case, no objection to the claimed exemptions was filed within 30 days of the meeting.

On August 24, 2001, the debtor made the instant § 522(f) motion, requesting that the Bank of Herrin accounts not be used to pay down a judicial lien, held by Karr, for the sum of $100,000.00 plus accrued statutory interest. On September 26, 2001, Karr objected to the § 522(f) motion.

---

1. Under the Bankruptcy Code, a debtor may choose either the federal or state exemptions unless a state chooses to "opt out" of the federal exemption scheme. See 11 U.S.C. § 522(b)(1). Illinois has opted out. 735 ILCS 5/12–1201. Thus, Illinois debtors must rely on the exemptions provided by Illinois law. In re Ball, 201 B.R. 204, 206 (Bankr. N.D.Ill.1996).

On February 19, 2002, the Bankruptcy Court held an evidentiary hearing. At that hearing, as a preliminary matter, the Bankruptcy Court held that the debtor had the burden of proving that the bank accounts were subject to an exemption. At the hearing, the debtor stated that it was "a burden on the creditor to object in that time period . . . ." It is not clear from the record what time period the debtor was referring to. Over the debtor's single vague objection, Judge Meyers insisted that the debtor had the burden of proving the validity of the claimed exemptions.

The Bankruptcy Court then heard testimony from the debtor and the debtor's spouse. The debtor testified that he had deposited funds, derived from the sale of antiques, into his Bank of Herrin savings account. The debtor further testified that he had used funds, derived from the sale of antiques, to purchase the subject Bank of Herrin certificates of deposit. The debtor's spouse, however, testified that all of the Bank of Herrin accounts consisted solely of accumulated social security, pension and disability payments.

After hearing this testimony, the Bankruptcy Court found that debtor had succeeded in proving that the checking account ($19,003.74) consisted of accumulated social security, veteran's benefits and disability benefits. On the other hand, noting the conflicting testimony of the debtor's witnesses, the Bankruptcy Court found that the debtor had failed to prove that the savings account and six certificates of deposit ($57,896.82) consisted of accumulated social security, veteran's benefits and disability benefits. The Court reserved ruling on the question of whether the debtor was entitled to exempt the balance of the checking account under either § 12–1001(g) or § 12–1006.

Thereafter, the Bankruptcy Court issued a written opinion, which concluded that "the debtor's claim of exemption in the Bank of Herrin checking account is without merit." The Bankruptcy Court held that neither § 12–1001(g) nor § 12–1006 created a right to exempt the debtor's checking account.

## II. *THE PARTIES' POSITIONS*

The debtor raises four issues on appeal. First, the debtor contends that because there was no timely objection to the claimed exemptions, the Bankruptcy Court erred by examining the validity of the claimed exemptions. Essentially, the debtor argues that the Bankruptcy Courts are powerless to consider objections to claimed exemptions if those objections are not filed within 30 days of the meeting of creditors as required by Bankruptcy Rule 4003(g). The debtor cites to *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and *Matter of Kazi,* .985 F.2d 318 (7th Cir.1993). Karr has not responded to that argument.

Second, the debtor contends that the Bankruptcy Court erred in holding that neither § 12–1001(g) nor § 12–1006 creates a right to exempt funds in a bank account traceable to social security, veteran's benefits and disability benefits. The debtor cites to *Auto Owners Insurance v. Berkshire,* 225 Ill.App.3d 695, 167 Ill.Dec. 1100, 588 N.E.2d 1230 (2d Dist.1992) and *Fayette County Hospital v. Reavis,* 169 Ill.App.3d 246, 119 Ill.Dec. 937, 523 N.E.2d 693 (5th Dist.1988). Karr has barely responded to that argument, stating merely that the Bankruptcy Court decided the issue correctly.

Third, the debtor contends that the Bankruptcy Court erred in making the factual determination that the debtor failed to sustain his burden of proof that the savings account and certificates of deposit consisted solely of accumulated social security, veteran's benefits and disability

benefits. The debtor argues that the Bankruptcy Court's factual determination was contrary to the manifest weight of the evidence. Karr has responded to that argument by merely directing the Court's attention to the transcript of the evidentiary hearing.

Fourth, the debtor contends that the Bankruptcy Court erred when it imposed the burden of proof on the debtor to prove the validity of the claimed exemptions. Karr has not responded to that argument.

## III. *DISCUSSION*

On appeal, a district court reviews the factual findings of the Bankruptcy Court under a "clearly erroneous" standard, but reviews conclusions of law de novo. *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir. 1994)

### A. *Timeliness of Karr's Objection.*

The debtor cites *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and *Matter of Kazi,* 985 F.2d 318 (7th Cir.1993) for the proposition that because Karr failed to timely object to the debtor's claimed exemption, the Bankruptcy Court should not have even considered Karr's defense to the debtor's § 522(f) motion for lien avoidance.

In *Taylor,* relying on § 522(*l* )[2], the Supreme Court held that a bankruptcy trustee could not contest the validity of a claimed exemption after the expiration of the 30–day period under Fed.R.Bank.P. 4003(b)[3], even though the debtor had no colorable basis for claiming the exemption.

*Taylor,* 503 U.S. at 643–44, 112 S.Ct. 1644. On similar facts, in *Matter of Kazi,* the Seventh Circuit also held that a bankruptcy trustee could not contest the validity of a claimed exemption after expiration of the 30–day period. *Matter of Kazi,* 985 F.2d at 322.

■ In this case, Karr did not timely file any objection to the claimed exemption, nor has he provided any excuse for failing to do so. However, there is a split of authority on whether the failure to timely object to a claimed exemption precludes a lien creditor from asserting an objection to the exemption in defense of a lien avoidance motion. *Compare In re Chinosorn,* 248 B.R. 324 (N.D.Ill.2000) (holding that creditor's failure to timely object to an exemption precluded the creditor from contesting the validity of the exemption in order to defend a lien avoidance motion) *to In re Morgan,* 149 B.R. 147 (9th Cir. BAP 1993) (holding that an exemption arising under § 522(*l* ) does not arise under 522(b) and, thus, could not support lien avoidance under § 522(f)) *and In re Thompson,* 263 B.R. 134 (Bankr.W.D.Okla.2001) (holding that secured creditor's failure to timely object did not preclude it from litigating the merits of the exemption in the context of defending a lien avoidance motion); *In re Maylin,* 155 B.R. 605 (Bankr.D.Me. 1993) (same). The Seventh Circuit has not addressed this issue.

This Court agrees with those courts that have concluded that Sections 522(f) and (*l* ) serve different functions. "Exemption un-

**2.** Section 522(*l* ) provides, in part, that:
The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

**3.** Rule 4003(b), as amended in 2000, provides, in part, that:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. . . .

der § 522(*l*) quickly determines which property is available for distribution ... to unsecured creditors and which property is available for the 'fresh start' of the debtor. In contrast, § 522(f) extinguishes the property rights of a creditor." *In re Thompson,* 263 B.R. at 137.

Likewise, this Court joins other courts that have determined that requiring a secured creditor to object to exemptions when they are first claimed, before the debtor has even challenged the creditor's lien rights, would lead to unnecessary litigation. *See In re Morgan,* 149 B.R. at 152. Because "a creditor's right to foreclose on [a lien] survives or passes through the bankruptcy," *Johnson v. Home State Bank,* 501 U.S. 78, 82, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), secured creditors have the well settled expectation that they have the option of not participating in the bankruptcy, even to the point of not filing a proof of claim. *Thompson,* 263 B.R. at 137; *Maylin,* 155 B.R. at 612.

■ For these reasons, the Court believes that this case is significantly different than *Taylor* and *Kazi.* In lien avoidance proceedings, the dispute over exempt proceeds concerns only the lien creditor and the debtor, not the estate. Moreover, only the portion of the exemption that is necessary to satisfy the creditor's lien is at issue. The debtor's entitlement to the exemption is not at issue, but rather, only the debtor's entitlement to avoid the lien. In this case, it just so happens that the creditor's lien is greater than the entire claimed exemption.

Accordingly, this Court concludes that it was not improper for the Bankruptcy Court to consider the validity of the subject exemption in the context of the lien avoidance proceedings.

**B.  *Tracing.***

■ The debtor contends that property traceable to social security, veteran's benefits and disability benefits are exempt. This Court agrees with the Bankruptcy Court that the debtor has misconstrued the law.

■ The debtor cites *Fayette County Hospital v. Reavis,* 169 Ill.App.3d 246, 119 Ill.Dec. 937, 523 N.E.2d 693 (5th Dist.1988) for the proposition that the subject accounts are exempt under § 12–1001(g). Although § 12–1001(g) exempts a debtor's "right to receive" social security benefits and veteran's benefits, it does not provide for the exemption of property traceable to the receipt of such benefits. *Reavis,* the only case cited by the debtor, says as much. *Reavis,* 169 Ill.App.3d at 249–50, 119 Ill.Dec. 937, 523 N.E.2d 693 ("[W]e conclude that the Illinois legislature did not intend to exempt property which is traceable to social security benefits ...."). In *Reavis,* the Court held that a certificate of deposit, purchased solely with social security benefits, was exempt under the Social Security Act § 407(a). In this case, however, the debtor has made no claim of exemption under the Social Security Act. Moreover, in this case, the subject checking account is comprised not only of social security benefits, but also veteran's benefits and disability benefits—neither of which are exempt under the Social Security Act.

The debtor cites *Auto Owners Insurance v. Berkshire,* 225 Ill.App.3d 695, 167 Ill.Dec. 1100, 588 N.E.2d 1230 (2d Dist. 1992) for the proposition that the subject accounts are exempt as a retirement plan under § 12–1006. Section 12–1006 applies to retirement plans that comply with the requirements of the Internal Revenue Code for special tax treatment. This Court agrees with the Bankruptcy Court that there is no basis for concluding that

the subject checking account constitutes such a retirement plan.

Unlike this case, *Berkshire* involved an account that consisted solely of payments made by an employer as part of a qualified retirement plan. *Berkshire*, 225 Ill.App.3d at 698, 167 Ill.Dec. 1100, 588 N.E.2d 1230. Consequently, *Berkshire* is inapplicable.

### C. *Bankruptcy Court's Factual Determination.*

 The debtor challenges the finding of the Bankruptcy Court that the debtor failed to establish, by a preponderance of the evidence, that the funds in the savings accounts and certificates of deposit are traceable to social security benefits, veteran's benefits and disability benefits. This Court reviews the Bankruptcy Court's factual findings for clear error and has found no clear error in this case.

At the evidentiary hearing, the debtor and the debtor's spouse gave conflicting testimony. The debtor admitted that he had deposited profits from the sale of antiques into his savings account and used those same profits to purchase certificates of deposit. After hearing such testimony, it was certainly not clear error for Judge Meyers to conclude, as a matter of fact, that the savings account and certificates of deposit did not consist solely of accumulated social security, veteran's benefits and disability benefits.

### D. *Burden of Proof.*

The debtor contends that the Bankruptcy Court erred in putting the burden of proof upon the debtor at the lien avoidance proceedings. Although the Seventh Circuit has not ruled on this issue, bankruptcy courts around the country have addressed the question, and they unanimously disagree with the debtor's position. *See, e.g., In re DeCarolis*, 259 B.R. 467, 471 (1st Cir. BAP 2001) (holding that

the debtor has the burden of proof on all lien avoidance issues); *In re Reece*, 274 B.R. 515, 517 (Bankr.D.Ariz.2001) (same); *Thompson*, 263 B.R. at 138 (same); *In re Lee*, 249 B.R. 864, 867 (Bankr.N.D.Ohio 2000) (same); *In re Bozzelli*, 227 B.R. 770, 772 (Bankr.E.D.Pa.1998) (same); *In re Kerbs*, 207 B.R. 211, 214 (Bankr.D.Mont. 1997) (same). The Court sees no reason why it should buck this nationwide trend. Certainly, the debtor has not made a compelling argument, and the Court is not obliged to craft arguments or perform necessary legal research for the debtor. *See Spath v. Hayes Wheels International–Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000).

### IV. *CONCLUSION*

For the foregoing reasons, this Court hereby **AFFIRMS** the decision of the Bankruptcy Court.

**IT IS SO ORDERED.**