INTERNAL MEDICINE ASSOCIATES OF DECATUR, S.C., Plaintiff-Appellee, v. MARY PATTERSON, Defendant-Appellant (Soy Capital Bank and Trust Company, Garnishee).

Fourth District   No. 4—92—0817

Opinion filed April 29, 1993.

Jessica Stricklin, of Decatur, for appellant.

Mark S. Morthland, of Record, Finney, Jankowicz & Morthland, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

In the circuit court of Macon County, judgment was entered in favor of plaintiff Internal Medicine Associates of Decatur, S.C., and against defendant Mary Patterson in the amount of $782.17, plus costs, for medical services provided to defendant's now deceased husband, Melvin, and for which defendant was found to be responsible. In an attempt to collect the debt, plaintiff instituted a garnishment proceeding against defendant and Soy Capital Bank and Trust Company, a banking corporation, in which defendant maintained a bank account containing $1,069.17. In defense of the garnishment proceeding, defendant submitted an affidavit which claimed that all the monies contained in the account were exempt from garnishment because they were derived solely from either a pension from the Veterans Administration (VA) or reimbursement from the Illinois Department of Children and Family Services (DCFS) and Webster-Cantrell Hall for defendant's services as a foster parent. After consideration of argument and the affidavit of defendant, the trial court ordered the garnishee to make payment to plaintiff. We reverse and remand.

At the hearing before the trial court, plaintiff conceded that the funds from the VA are exempt from garnishment. These funds were, however, commingled with other funds in the account. On appeal, while not disputing the exemption of the veterans' benefits received as a result of the death of defendant's husband, plaintiff argues that there was a transmutation of those funds into garnishable assets by reason of the commingling. We decline to extend the doctrine of transmutation to this type of proceeding.

Plaintiff does not argue that any part of the account which is traceable to veterans' benefits paid is subject to garnishment. If those funds have not become a permanent investment, they are exempt. (See *Philpott v. Essex County Welfare Board* (1973), 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590 (discussing Federal social security insurance payments).) On this record, it cannot be determined what part, if any, of the account was VA payments. No evidence was presented as to the bank records of the transactions; no evidence was presented by defendant as to the nature of the transactions; and the trial court's order did not determine the source of the account subject to garnishment.

The remaining issue in this appeal, whether an exemption exists for the funds in the account traceable to reimbursement for defendant's foster parenting activity, requires an interpretation of section 5 of the Children and Family Services Act (Act), which provides as follows:

> "The Department may place children under 18 years of age in licensed child care facilities when in the opinion of the Department, appropriate services aimed at family preservation have been unsuccessful or unavailable and such placement would be for their best interest. Payment for board, clothing, care, training and supervision of any child placed in a licensed child care facility may be made by the Department *** and the parents or guardians, except that no payments shall be made by the Department for any child placed in a licensed child care facility for board, clothing, care, training and supervision of such a child that exceed the average per capita cost of maintaining and of caring for a child in institutions for dependent or neglected children operated by the Department. However, such restriction on payments does not apply in cases where children require specialized care and treatment for problems of severe emotional disturbance, physical disability, social adjustment, or any combination thereof and suitable facilities for the placement of such children are not available at payment rates within the limitations set forth in this Section. *All reimbursements for services delivered shall be absolutely inalienable by assignment, sale, attachment, garnishment or otherwise.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 23, par. 5005.

In *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171, the Illinois Supreme Court stated:

> "As often stated, the primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In doing

so a court looks first to the statutory language itself. If the language is clear, the court must give it effect and should not look to extrinsic aids for construction. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141; *Vause & Striegel, Inc. v. McKibbin* (1942), 379 Ill. 169, 175.)"

Plaintiff specifically attacks the word "reimbursements" used in section 5, arguing that reimbursements are repayment of expenditures and that the payments made to defendant were wages.

The statute specifically refers to "reimbursements for services," not "reimbursement for expenditures." Services include board, clothing, care, training and supervision. Any compensation for services is "reimbursements for services" and includable under the statutory exemption. There is nothing in the record to indicate defendant was paid wages.

In section 12—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—1001), several exemptions are provided. These statutory exemptions, in some instances, specify some types of property, and, in other instances, the right to receive some types of payments. (Compare Ill. Rev. Stat. 1989, ch. 110, pars. 12—1001(a), (b), (c), (d), (e) with (g).) In still other instances, the statute exempts both the right to receive and property traceable to a type of payment. (Ill. Rev. Stat. 1989, ch. 110, par. 12—1001(h).) As is demonstrated by the analysis in *Fayette County Hospital v. Reavis* (1988), 169 Ill. App. 3d 246, 250, 523 N.E.2d 693, 695, the distinction between these types of exemptions is significant.

In *Fayette County Hospital* (169 Ill. App. 3d at 250, 523 N.E.2d at 695), the court correctly pointed out that an exemption of the right to receive designated types of payments "does not clearly indicate whether the legislature intended to exempt a debtor's funds which are traceable" and that the Illinois statute did not exempt property which was traceable.

In *Philpott*, the Supreme Court determined section 407 of the Social Security Act (42 U.S.C. §407 (Supp. I 1983)), which provided in part, "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process," barred any garnishment action. (*Philpott*, 409 U.S. at 415 n.3, 34 L. Ed. 2d at 611 n.3, 93 S. Ct. at 591 n.3.) The *Fayette County* court endorsed the *Philpott* rationale. Section 5 of the Act, which closely parallels section 407 of title 42 of the United States Code, states: "All reimbursements for services delivered shall be absolutely inalienable by assignment, sale, attach-

ment, garnishment or otherwise." (Ill. Rev. Stat. 1989, ch. 23, par. 5005.) We agree with the *Fayette County* court.

In section 5 of the Act, the exemption is not limited to the right to receive the payment. We deem that the legislature intended the exemption to apply not only to the right to receive reimbursement for services, but to any property traceable to the receipt of reimbursement for services. If the funds in the account have not been converted into a permanent investment, they are exempt.

In deciding that the account was not exempt from garnishment, the trial court, in essence, ruled that, even if the funds in the account were generated solely from the three sources designated in defendant's affidavit, as a matter of law, the account still is not exempt. We disagree with that conclusion. However, we note that no evidence was presented, and the trial court did not specifically find that the funds in the account were derived only from the sources enumerated in defendant's affidavit.

Plaintiff argues the monies paid defendant by Webster-Cantrell Hall and DCFS were not reimbursements but were in fact income or wages. The record does not disclose the nature of these payments. Although defendant's counsel stated to the trial court that defendant "operates a licensed child-care home," the trial judge noted there was nothing in the defendant's affidavit to that effect. Moreover, the record does not disclose the relationship of Webster-Cantrell Hall to the DCFS or the parents or guardians of the children for whose care defendant was reimbursed. The section 5 exemption is limited to reimbursement for services from DCFS, parents, and guardians. Here, if the payments were made pursuant to the Act, section 5 does apply and any monies paid pursuant to the Act are exempt. On remand, the trial court should allow defendant or garnishee an opportunity to prove whether and to what extent the funds are exempt, as the burden of proving the exemption rests on the garnishee and debtor. See *Kosiba v. Galinski* (1912), 171 Ill. App. 643, 646.

For the foregoing reasons, the judgment of the circuit court of Macon County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

STEIGMANN, P.J., and COOK, J., concur.