ESTATE OF BRUCE C. PALMER, a Disabled Person, by Romie J. Palmer, Plenary Guardian of the Estate, *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—00—3724

Opinion filed October 19, 2001.

Collins & Bargione, of Chicago (George B. Collins and Gregory A. Bedell, of counsel), for appellants.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and James C. O'Connell and Christopher S. Gange, Assistant Attorneys General, of counsel), for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiffs Bruce C. Palmer (Palmer), a disabled adult living at Oak Forest Hospital, and his guardian, Romie J. Palmer, appeal from the trial court's order that the Illinois Department of Public Aid (the Department) properly considered Old Age Survivor and Disability Insurance (OASDI) and veterans' benefits received by Palmer as available income for the purpose of calculating the amount of Palmer's Medicaid benefits. However, the trial court also held that the Department could not attach money in Palmer's estate as reimbursement for past-due amounts owed to Oak Forest Hospital or consider the sum of that estate in calculating Palmer's future Medicaid benefits. Plaintiffs appeal the trial court's rulings, and we affirm.

The record on appeal establishes the following facts. Palmer is a severely mentally and physically disabled adult who is 52 years old and is unable to communicate or care for himself. Since 1978, Palmer has received public assistance from the Department under its Aid to Aged, Blind, or Disabled program, which is part of the Public Aid Code (305 ILCS 5/3—1 et seq. (West 1998)). Palmer receives OASDI benefits pursuant to the Social Security Act (the Act) (42 U.S.C. § 402 et seq.

(1994)) and also receives veterans' benefits due to his mother's military service.

The Department provides Medicaid benefits to Palmer based upon the amount of money that is otherwise available to pay for Palmer's care. At some point, the Department included Palmer's OASDI and veterans' benefits as available income in determining the amount of Palmer's Medicaid benefits. The Department reduced the amount of payments made to Oak Forest Hospital in Palmer's name based on that calculation of Palmer's available income. The Department also determined that $7,844 of Palmer's benefits, which were kept in an account supervised by Romie Palmer and which had funded Palmer's expenses at the hospital, were to be turned over to the Department as reimbursement for past state support. In January 1998, hospital records indicated that Palmer owed the hospital $14,326.68.

Plaintiffs filed a complaint for declaratory and injunctive relief, which the trial court dismissed on jurisdictional grounds pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)). The trial court also determined that the Department's actions did not violate federal law. On appeal, this court refused to address the merits of plaintiffs' claims because the trial court had dismissed the case based upon lack of jurisdiction. This court reversed the trial court's ruling and remanded the case for further proceedings. *Estate of Palmer v. Department of Public Aid*, No. 1—99—0979 (December 30, 1999) (unpublished order pursuant to Supreme Court Rule 23). On remand, the parties filed cross-motions for summary judgment. In a written order, the trial court granted the Department's motion, finding that it properly included Palmer's OASDI and veterans' benefits in calculating Palmer's available income. However, the trial court also held that the Department could not seek reimbursement from those funds for amounts that were previously due to the hospital.

Plaintiffs now appeal that order, arguing that federal law prohibits "the attachment, assignment or compelled taking" of Social Security or veterans' benefits. Citing 42 U.S.C. § 407(a) (1994), which provides that the "right of any person to any future payment under this subchapter" is not "subject to execution, levy, attachment, garnishment, or other legal process," plaintiffs contend that such benefits are protected from all creditors, including the State in an administrative proceeding. Plaintiffs assert that the Department's reduction of Palmer's Medicaid benefits based on the amount of his available income, which the Department found to include his OASDI and veterans' benefits, constituted a "taking" by administrative decision. Our review of the trial court's grant of summary judgment is *de*

*novo. La Grange Memorial Hospital v. St. Paul Insurance Co.*, 317 Ill. App. 3d 863, 868, 740 N.E.2d 21, 26 (2000).

■ Established in 1965 as part of the Act, the Medicaid program authorizes federal financial grants to states for people in need of certain costs of medical treatment. 42 C.F.R. § 430.0 (1999); see also *Schweiker v. Gray Panthers*, 453 U.S. 34, 36, 69 L. Ed. 2d 460, 465, 101 S. Ct. 2633, 2636 (1981). The Medicaid program is jointly financed by the federal and state governments and is administered by the states. 42 C.F.R. § 430.0 (1999). Each state develops a plan for determining eligibility for medical assistance, and a state's program must comply with the Act and with requirements of the Secretary of the United States Department of Health and Human Services (the Secretary). 42 U.S.C. § 1396a(a)(17)(B) (1994); *Gray Panthers*, 453 U.S. at 36-37, 69 L. Ed. 2d at 465, 101 S. Ct. at 2636. See also *Hession v. Illinois Department of Public Aid*, 129 Ill. 2d 535, 540, 544 N.E.2d 751, 753 (1989). The agency responsible for administering the program in this state has been the Illinois Department of Public Aid, whose powers are now held by the Illinois Department of Human Services. 20 ILCS 1305/80—15 (West 2000).

■ The Supreme Court noted in *Gray Panthers* that under 42 U.S.C. § 1396a(a)(17)(B), when granting Medicaid benefits, a state must take into account "only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant." (Emphasis omitted.) *Gray Panthers*, 453 U.S. at 43-44, 69 L. Ed. 2d at 470, 101 S. Ct. at 2640. The Court went on to state that the Secretary's definition of the term "available" was entitled to "legislative effect" because the Secretary is entrusted by Congress with "the primary responsibility for interpreting the statutory term." *Gray Panthers*, 453 U.S. at 44, 69 L. Ed. 2d at 470, 101 S. Ct. at 2640, citing *Batterton v. Francis*, 432 U.S. 416, 425, 53 L. Ed. 2d 448, 456, 97 S. Ct. 2399, 2406 (1977). Accordingly, the Court stated that its review was limited to ensuring that the Secretary's regulations are not arbitrary or capricious. *Gray Panthers*, 453 U.S. at 44, 69 L. Ed. 2d at 470, 101 S. Ct. at 2640.

■ The instant case centers upon the Secretary's definition of "available income." Under the complex provisions of the Medicaid statute, the requirements for Medicaid eligibility utilize the definitions of "income" in the Supplemental Security Income (SSI) program (42 U.S.C. § 1382 *et seq.* (1994)). 42 C.F.R. § 435.121 (1999); see also *State of Georgia Department of Medical Assistance v. Shalala*, 8 F.3d 1565, 1568-69 (11th Cir. 1993) (describing the "interaction between Medicaid, a medical assistance program, and the SSI statute, a cash assistance program").

The SSI regulations define two types of income: earned and unearned. 20 C.F.R. § 416.1104 (1999). The larger an individual's income, whether earned or unearned, the smaller the Medicaid payment that will be made to an institution on the individual's behalf. Pursuant to 20¹ C.F.R. § 416.1121(a) (1999), Social Security benefits and veterans' benefits are listed under "[t]ypes of unearned income"; that section also lists private pensions, disability benefits, worker's compensation and unemployment insurance benefits as unearned income. Pursuant to the Medicaid regulations, an agency must reduce its payment to an institution for services based upon the recipient's income, with the exception of a monthly "personal needs" allowance of at least $30. 42 C.F.R. §§ 435.733(a)(1), (c)(1) (1999).

Plaintiffs contend that the Department's reduction of Palmer's Medicaid reimbursement based upon his OASDI and veterans' benefits constitutes an improper "involuntary taking." They cite *In re Estate of Merritt*, 272 Ill. App. 3d 1017, 1018, 651 N.E.2d 680, 681 (1995), in which the Illinois Department of Mental Health and Developmental Disabilities brought an action against a disabled adult's estate for reimbursement for his stay at one of that department's hospitals. The trial court ordered the estate to pay the department the amount it was owed. *Estate of Merritt*, 272 Ill. App. 3d at 1019-20, 651 N.E.2d at 681. This court reversed, finding that 42 U.S.C. § 407(a) prevented the trial court from ordering the estate to reimburse the department with funds that were derived from the disabled person's Social Security benefits. *Estate of Merritt*, 272 Ill. App. 3d at 1020, 651 N.E.2d at 682.

■ In the instant case, plaintiffs assert that the Department's reduction in benefits payments "cannot be considered anything but a legal process designed to obtain [Palmer's Social Security and veterans'] benefits." We disagree, as we find a clear distinction between a reduction in the amount of a person's benefits based upon his or her income and a suit to obtain those benefits. As required by the above regulations, Palmer's Medicaid payment is reduced by the total amount of his income, and 20 C.F.R. § 416.1121(a) provides that Palmer's income includes his OASDI and veterans' benefits. The reduction in Medicaid that reflects Palmer's income does not amount to a taking of any benefits; instead, Palmer's income determines the size of the Medicaid payment to which he is entitled. As stated in 42 C.F.R. § 435.608 (1999), to be eligible for Medicaid benefits, Palmer is required to take all necessary steps to obtain pensions and retirement and disability benefits to which he is entitled, specifically including veterans' compensation and pensions and OASDI benefits. As the trial court stated in its order, "[t]he intent of Medicaid is to help those individuals who need additional help, but if an individual can apply

for, and receive benefits from another source, logic dictates that the Medicaid payments by the [f]ederal and [s]tate governments should decrease.''

A reduction in Medicaid payments based upon the other sources of income that are available to Palmer is not the same as an action brought to recover portions of that income. See *Norman v. St. Clair*, 610 F.2d 1228, 1243 (5th Cir. 1980) (holding that 42 U.S.C. § 407(a) ''clearly contemplates a formal legal proceeding'' and rejecting plaintiffs' assertions that social security benefits were ''protected income'' and were not to be counted in determining Medicaid eligibility). The Department's calculation of Medicaid benefits in the present case is clearly distinguishable from the government's suit in *Merritt* and also from the circumstances of *Bennett v. Arkansas*, 485 U.S. 395, 99 L. Ed. 2d 455, 108 S. Ct. 1204 (1988), in which the State of Arkansas attempted to attach federal Social Security benefits being paid to prison inmates. *Bennett*, 485 U.S. at 396, 99 L. Ed. 2d at 457, 108 S. Ct. at 1204-05. In a *per curiam* opinion, the Supreme Court found an inconsistency between the Arkansas statute allowing attachment of the inmates' federal benefits and 42 U.S.C. § 407(a), which ''unambiguously rules out any attempt to attach Social Security benefits,'' noting its similar finding in *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 34 L. Ed. 2d 608, 93 S. Ct. 590 (1973) (New Jersey welfare agency could not reach disabled person's bank account containing federal disability payments). *Bennett*, 485 U.S. at 397-98, 99 L. Ed. 2d at 458, 108 S. Ct. at 1205-06. See also *McDaniels v. Heckler*, 571 F. Supp. 880, 884 (D.C. Md. 1983) (observing that ''cases in which section 407 has been held not to be applicable are [those] involving the reduction of other non-Social Security benefits *** to compensate for an individual's receipt of Social Security benefits''); *Raskin v. Moran*, 684 F.2d 472, 476 n.7 (7th Cir. 1982) (noting that the Supreme Court in *Philpott* limited its holding to ''direct attachment or garnishment by a state''); *Bernier v. Burris*, 113 Ill. 2d 219, 244-45, 497 N.E.2d 763, 775-76 (1986) (citing *Raskin* and finding that 42 U.S.C. § 407 is not violated by Illinois statute that a judgment in a negligence action against hospitals and physicians can be reduced by up to one-half by benefits that the plaintiff has received from collateral sources, such as private or governmental disability programs). In light of that precedent, we affirm the trial court's holdings that the Department could consider Palmer's OASDI and veterans' benefits in calculating the amount of his Medicaid payment and that such action did not constitute a taking of Palmer's benefits.

■ In addition, we reject plaintiffs' assertion that Romie Palmer has unimpeded discretion to spend Palmer's benefit funds. Citing 20

C.F.R. § 404.2035 (1999), plaintiffs argue that Romie Palmer is a "representative payee" and may use the funds received for Palmer's care "in a manner and for the purposes he or she determines *** to be in the best interest of the beneficiary." Plaintiffs rely on the court's conclusion in *Estate of Merritt*, 272 Ill. App. 3d at 1021, 651 N.E.2d at 683, that a representative payee is not required to reimburse the State for the cost of a disabled person's care with funds received from the disabled's Social Security benefits. They contend that the trial court incorrectly ruled that Palmer's OASDI benefits "had to be used to pay for his care at Oak Forest Hospital."

However, in finding that the amounts of Palmer's OASDI and veterans' benefits could be considered in determining his Medicaid benefit payment, the trial court did not make a determination as to how Palmer's OASDI or veterans' benefits were to be spent. The court found that 42 U.S.C. § 407(a) prohibited the attachment of funds that were already part of Palmer's estate, which is supported by the Supreme Court's decision in *Philpott* and by numerous lower court decisions cited previously. The court correctly concluded that the Department could not attach Palmer's benefits but could consider those sums in calculating the amount of his Medicaid payment. Moreover, plaintiffs admit in their reply brief that the "representative payee" provision of 20 C.F.R. § 404.2035 is not part of the Medicaid regulations.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

BUCKLEY and O'BRIEN, JJ., concur.