NO. 4-04-0307

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Marriage of ) Appeal from

DORA A. POPE-CLIFTON, n/k/a DORA A. ) Circuit Court of

POPE-GRUBB, ) Macon County

Petitioner-Appellee, ) No. 02D424

and )

DECATUR EARTHMOVER CREDIT UNION, an ) 

Illinois Credit Union, )

Respondent, )

and ) Honorable

WALTER S. CLIFTON, ) John K. Greanias,

Respondent-Appellant. ) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE COOK delivered the opinion of the

court:

Respondent, Walter S. Clifton, appeals from the trial court's judgment that a bank account containing only funds received as Veterans' Administration disability benefits was not exempt from collection to pay a judgment for child support, maintenance, and attorney fees and court costs arising from a domestic relations cause of action.  We affirm.

Respondent and petitioner, Dora A. Pope-Clifton, now known as Dora A. Pope-Grubb, were divorced in Champaign County in 1989.  Respondent was ordered to pay child support, which was modified in 1991, requiring respondent to pay $935 per month in child support.  On February 26, 1992, respondent was found to be in indirect civil contempt for failure to comply with the support order, and all other previous orders were reaffirmed.

In August 2000, after eight years of inactivity in the case, petitioner filed petitions for review of child support and for rule to show cause.  At the hearing on August 16, 2000, respondent appeared by counsel, who stated respondent was unable to attend because he was undergoing treatment at the Veterans' Administration Hospital in Danville.  On November 2, 2000, the trial court found respondent's failure to pay child support was willful and without any legal justification and held respondent in indirect civil contempt.  The court entered judgment in the amount of $31,665.50 representing unpaid child support and maintenance owed by respondent to petitioner and additionally awarded $2,955.51 in attorney fees and court costs to be paid by respondent.

On August 16, 2002, petitioner filed in the circuit court of Macon County a certified copy of the docket sheet of the Champaign County proceedings and a citation to discover assets against Earthmover Credit Union (Earthmover), which is located in Decatur.  Earthmover subsequently notified petitioner that it was holding $26,711.01 for respondent in an account at its bank.  The Macon County court froze the assets held at Earthmover.  On March 17, 2004, the court found the citation was a supplemental proceeding to collect a judgment for child support, maintenance, and attorney fees and court costs arising from a domestic relations cause of action.  The court further found that the funds in the Earthmover account were not exempt under section 12-1001(g) of the Code of Civil Procedure (Civil Procedure Code) (735 ILCS 5/12-1001(g) (West 2002)) and ordered Earthmover to turn over the account to petitioner.  This appeal followed.

On appeal, respondent argues that (1) the Macon County court did not have subject-matter jurisdiction, (2) the Earthmover account was exempt under the Civil Procedure Code, and (3) the Earthmover account was exempt under federal law.  We affirm.

We first examine respondent's argument that the circuit court of Macon County did not have subject-matter jurisdiction in the present case.  Respondent argues that the procedures of Supreme Court Rule 277 (134 Ill. 2d R. 277) were not followed in bringing supplemental proceedings against Earthmover in Macon County.  Specifically, respondent alleges that petitioner did not have leave of the court to bring multiple citations in this matter, no transcript of the original judgment was filed, and the citation ignored amounts already paid by respondent in satisfaction of the judgment.  We find no merit in respondent's arguments.

Nothing in the record suggests that petitioner had filed a previous supplementary proceeding against Earthmover.  Rule 277(a) only requires leave of the court if there have been prior supplementary proceedings filed against a party.  134 Ill. 2d R. 277(a).  Although petitioner only filed the docket sheet in Macon County, it is apparently because there was no written transcript of the judgment to file.  The docket sheet clearly shows the entry of judgment against respondent and is adequate to meet the requirements of Rule 277.  See 
Bentley v. Glenn Shipley Enterprises, Inc.
, 248 Ill. App. 3d 647, 651, 619 N.E.2d 816, 819 (1993) (provisions of Rule 277 are to be liberally construed).  Finally, even with the money from the Earthmover account and all amounts previously recovered by petitioner, the judgment against respondent has not been satisfied, so it is moot that petitioner sought to recover the entire amount of the judgment in her proceedings against Earthmover.  The circuit court of Macon County had jurisdiction to enter a judgment on the supplementary proceedings.

Respondent next argues that because the funds in the Earthmover account were directly traceable to Veterans' Administration disability benefits, they are exempt from garnishment under Illinois law.  Section 12-1001 of the Civil Procedure Code provides in relevant part as follows:

"The following personal property, owned 

by the debtor, is exempt from judgment, attach-

ment, or distress for rent:

* * *

(g) The debtor's right to receive:

(1) a social security benefit, 

unemployment compensation, or public 

assistance benefit;

(2) a veteran's benefit;

(3) a disability, illness, or un-

employment benefit; and

(4) alimony, support, or separate 

maintenance, to the extent reasonably 

necessary for the support of the debtor and any dependent of the debtor;

(h) The debtor's right to receive, or 

property that is traceable to: 

(1)***[.]"  735 ILCS 5/12-1001 (West 2002).

Respondent relies upon the court's reasoning in 
Internal Medicine Associates of Decatur, S.C. v. Patterson
, 244 Ill. App. 3d 704, 613 N.E.2d 1 (1993), where the court held that funds traceable to reimbursement for foster-parenting services were exempt from garnishment.  The reimbursement for foster-parenting services was not included as an exemption in section 12-1001, but after comparing the language in the Children and Family Services Act (Ill. Rev. Stat. 1989, ch. 23, par. 5005) exempting the reimbursement to the exemptions found in the Social Security Act (42 U.S.C. §407 (Supp. I 1983)), we found them to be similar and granted the reimbursement for foster-parenting services the same exemption that social security receives under federal law.  
Patterson
, 244 Ill. App. 3d at 707-08, 613 N.E.2d at 3.  However, because veterans' benefits are explicitly included in section 12-1001(g), the reasoning respondent relies upon in 
Patterson
 is inapposite.

In 
Fayette County Hospital v. Reavis
, 169 Ill. App. 3d 246, 250, 523 N.E.2d 693, 695 (1988), which we discussed in 
Patterson
, the court held that because 12-1001(g) exempted only a debtor's "right to receive" while 12-1001(h) exempted a debtor's "'right to receive, or property that is traceable to' certain awards and payments (Ill. Rev. Stat. 1985, ch. 110, par. 12-1001(h))," the legislature clearly did not intend to exempt property that is traceable to funds listed in section 12-1001(g).  "It is well established that an expression of certain exceptions in a statute is construed as an exclusion of all others."  
Fayette County Hospital
, 169 Ill. App. 3d at 250, 523 N.E.2d at 695, citing 
People ex rel. Difanis v. Barr
, 83 Ill. 2d 191, 199, 414 N.E.2d 731, 734 (1980).  Therefore, funds traceable to either social security benefits or veterans' benefits are not exempt under section 12-1001.  
Fayette County Hospital
, 169 Ill. App. 3d at 250, 523 N.E.2d at 695.

Respondent next argues that even if the funds are not exempt under state law, funds traceable to veterans' benefits are exempt under federal law.  Section 5301(a)(1) of Title 38 of the United States Code (38 U.S.C. §5301(a)(1) (2000)) provides in relevant part as follows:

"Payments of benefits due or to become 

due under any law administered by the Secre-tary shall not be assignable except to the extent specifically authorized by law, and

such payments made to, or on account of, a 

beneficiary shall be exempt from taxation, 

shall be exempt from the claim of creditors, 

and shall not be liable to attachment, levy, 

or seizure by or under any legal or equitable process whatever, either before or after 

receipt by the beneficiary."  38 U.S.C.

§5301(a)(1) (2000).

Respondent notes that courts have recognized two purposes for the general exemption of veterans' benefits:  (1) to "'avoid the possibility of the Veterans' Administration . . . being placed in the position of a collection agency'" and (2) to "'prevent the deprivation and depletion of the means of subsistence of veterans dependant upon these benefits as the main source of their income.'"  
Rose v. Rose
, 481 U.S. 619, 630, 95 L. Ed. 2d 599, 610, 107 S. Ct. 2029, 2036 (1987), quoting S. Rep. No. 94-1243, at 147-48 (1976), 
reprinted
 
in
 1976 U.S.C.C.A.N. 5241, 5369-70.

Respondent argues that by allowing the court to seize his bank account, he can be deprived of his means of subsistence.  However, as the Supreme Court stated in 
Rose
, veterans' benefits are not for the sole benefit of disabled veterans, but are intended to "'provide reasonable and adequate compensation for disabled veterans 
and
 
their
 
families
.'"  (Emphasis in original.)  
Rose
, 481 U.S. at 630, 95 L. Ed. 2d at 610, 107 S. Ct. at 2036, quoting S. Rep. No. 98-604, at 24 (1984), 
reprinted
 
in
 1984 U.S.C.C.A.N. 4479, 4488.  Because the benefits were intended to benefit both veterans and their families, the 
Rose
 Court explicitly held that section 5301 (formerly 38 U.S.C. §3101 (1988)) "does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support."  
Rose
, 481 U.S. at 634, 95 L. Ed. 2d at 613, 107 S. Ct. at 2038.  Respondent's funds are clearly not exempt from seizure under federal law.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.